CAPSTONE LAW APC
Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
David L. Cheng (SBN 240926)
David.Cheng@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
1840 Century Park East, Suite 450
Los Angeles, California 90067
Tele: (310) 556-4811 / Fax:   (310) 943-0396

*Attorneys for Plaintiff*

DYKEMA GOSSETT LLP
John M. Thomas (266842)
jthomas@dykema.com
Tamara A. Bush (197153)
tbush@dykema.com
Krista L. Lenart (admitted pro hac vice)
klenart@dykema.com
David M. George (admitted pro hac vice)
dgeorge@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Tele: (213) 457-1800  / Fax: (213) 457-1850

*Attorneys for Defendant*
*FORD MOTOR COMPANY*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

| | |
|---|---|
| OMAR VARGAS, individually, and on behalf of a class of similarly situated individuals,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FORD MOTOR COMPANY,<br><br>　　　　　Defendant. | Case No.: 2:12-cv-08388 ABC (FFMx)<br><br>Honorable Judge Audrey B. Collins<br>Magistrate Judge Frederick F. Mumm<br><br>**CLASS ACTION**<br><br>**DISCOVERY MATTER**<br><br>**STIPULATION FOR PROTECTIVE ORDER; AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Note changes made by the Court |

Discovery in this action is likely to involve production of material that the producing party contends is confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted, including but not limited to (1) engineering documents, including design drawings and specifications, (2) test documents and testing procedures; (3) manufacturing specifications and procedures; (4) internal business or financial information; (5) confidential customer information; and (6) any other similar proprietary, confidential, or private information, including but not limited to trade secrets.  A protective order is necessary for information in categories (1), (2), (3) and (4) because the producing party operates in a highly competitive, global marketplace and is dependent upon its technical and business know-how to achieve and maintain a competitive advantage.  Disclosure of this information could result in serious and immediate competitive and economic harm.  Information in categories (5) and (6) may include such things as personally identifying information, trade secrets not falling within one of the other categories, and competitive intelligence, and must be protected for personal privacy or competitive protection reasons.  Because information produced in this case may be shared with consulting and testifying experts, a private agreement between the parties would not suffice, and a court order is required.

Therefore, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the parties stipulate and agree to the following form of protective order:

1.     **<u>Scope of Order.</u>**  This Order is intended to facilitate the Parties' production of information and documents as part of voluntary disclosure and in response to discovery requests.  Nothing in this Order is to be construed to expand or limit the Parties' discovery obligations.  This Order covers the production and use of all Protected Documents in this action that constitute, contain or disclose, in whole or

1  in part, information which the Designating Party designates as "Confidential." This
2  Order is also intended to apply to any documents produced to the Parties by a non-
3  party in connection with a subpoena.

4      2.  **General Definitions.**  For purposes of this Order, the following terms
5  have the following meanings:

6      a.  Pursuant to FRCP 26(c)(1)(G) and Cal. Civil Code §§ 3426, *et*
7  *seq*., "Confidential Information" shall mean trade secrets or other confidential
8  research, development, or commercially sensitive business information, the
9  disclosure of which would cause competitive harm, that is contained in Protected
10 Documents, and which have not been or made available to the public.

11     b.  "Customer" shall mean any person or entity that purchases or
12 otherwise comes to possess Defendant's product.

13     c.  "Designating Party" shall mean the Party or non-party designating
14 Discovery Material as "Confidential."

15     d.  "Discovery Materials" shall mean and include, without limitation,
16 Documents, including Electronically Stored Information (ESI), responses to
17 interrogatories, requests for admissions, or other discovery requests, physical objects,
18 samples, CD-ROMs, tapes or other items, deposition transcripts and exhibits thereto,
19 and information provided by or on behalf of the Parties or any non- party witness
20 pursuant to subpoena or otherwise in the course of discovery.

21     e.  "Document" shall mean and include, without limitation, all
22 written material, videotapes and all other tangible items, produced in whatever format
23 (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy,
24 videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise) defined as
25 broadly as permitted under FRCP 34.

26     f.  "Party" or "Parties" shall mean and include the parties to this
27 litigation.

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

      g.    "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

      h.    "Protected Documents" shall mean documents to be produced in this litigation which contain Confidential Information.

3.    **Designating Confidential Information.**

      a.    All designations of Confidential Information shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender.

      b.    The designation of Confidential Information may be made by marking or placing the applicable notice "Subject to Protective Order," "Confidential," or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

      c.    Any document or any information designated as "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

      d.    The burden of proving that a Protected Document contains Confidential Information is on the Designating Party.  Prior to designating any material as "Confidential," the Designating Party must make a bona fide determination that the material is, in fact, a trade secret or other confidential research, development, or commercial information pursuant to FRCP 26(c)(1)(G).

      e.    If a Party disagrees with the "Confidential" designation of any Protected Document, the party will so notify the Designating Party in writing. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction.  The Parties shall follow the procedures set forth in Central District of California Local Rule 37 governing discovery disputes to resolve whether the Confidential Information should be treated as "Confidential."  If the objection cannot be resolved by agreement, the Designating Party shall file and serve a motion

1 to retain confidentiality. The document or information whose "Confidential"
2 designation or redaction is objected to shall continue to be treated as "Confidential,"
3 as applicable, until the motion has been decided by the Court.

4     4. **Use and Disclosure of Protected Documents.**

5         a. Protected Documents and any copies thereof received pursuant
6 to this Protective Order shall be maintained Confidential by the receiving party,
7 his/her attorney, other representatives, and expert witnesses, and shall be used only
8 for purposes of this action, subject to the limitations set forth herein. The persons or
9 entities identified in Paragraph 4(b)(i)-(ix) below to whom Protected Documents are
10 disclosed pursuant to this Order shall keep all such materials and information, and
11 any copies, notes, extracts, summaries, or descriptions of such material, within their
12 exclusive possession and control, shall treat all such copies, notes, extracts,
13 summaries, or descriptions of the Protected Documents or any portion thereof as
14 Confidential, shall take all necessary and prudent measures to maintain the
15 confidentiality of all such materials or information, and shall not disseminate such
16 Protected Documents other than in accordance with this Order.

17         b. Protected Documents shall be disclosed only to "Qualified
18 Persons." Qualified Persons are limited to:

19     i. The Court and its personnel;
20     ii. The Parties to this litigation;
21     iii. Counsel of record in this litigation, as well as paralegals, technical,
22         administrative and clerical employees working under the direct
23         supervision of such counsel;
24     iv. Experts and non-attorney consultants retained by the Parties for the
25         preparation or trial of this case, provided that no disclosure shall be
26         made to any expert or consultant who is currently employed by an
27         automobile manufacturer competitor of Ford (unless both Parties consent
28         to the disclosure):

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

      v. A potential, anticipated or actual fact witness whom counsel for the disclosing Party believes in good faith is likely to have knowledge pertaining to the content of the Protected Documents to be disclosed;

      vi. The author(s) or any recipient of the document;

      vii. Litigation support consultants and vendors who provide litigation support services (e.g., photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations, etc.);

      viii. Court reporters recording and/or transcribing deposition testimony; and

      ix. Any person expressly named and agreed to in writing by the Parties or by further Order of the Court.

    c. While the Parties may provide Protected Documents in accordance with the provisions of this Protective Order in an electronic form, such documents may not be posted on any website or internet accessible document repository that is accessible to anyone other than "Qualified Persons" listed above.

    d. All persons described in Paragraph 4(b)(i)-(viii) above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Protected Documents and Confidential Information.

    e. All persons described in Paragraphs 4(b)(iv), (v) and (vii) above shall not have access to Protected Documents without having first read, acknowledged, and agreed to be bound by this Order by executing the Agreement to be Bound attached as Exhibit A (the "Agreement to be Bound").

    5. Each Party's counsel shall retain each such executed Agreement to be Bound and shall keep a list identifying (a) all persons referenced in Paragraphs 4(b)(iv), (v) and (vii) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each executed Agreement to be Bound shall not be made available to the Designating Party during the pendency of the litigation but shall be available for an *in camera* inspection by the Court if good

cause for review is demonstrated by the Designating Party. During the pendency of the litigation or after the termination of the litigation, subject to the attorney work-product doctrine/attorney-client privilege and for good cause shown, the Court may order any party to provide to the Designated Party the list referenced above and any executed Agreement to be Bound.

6. **Designation of Deposition Testimony.**

a. Deposition testimony that counsel for the Party or non-party witness tendering such testimony, in good faith, believes refers to Protected Documents or information obtained therefrom shall be designated as "CONFIDENTIAL," as applicable, by such counsel by making a statement on the record for inclusion in the deposition transcript or, in writing, within thirty (30) calendar days after receipt of the transcript.

b. When Protected Documents or information obtained therefrom is designated as confidential in a deposition transcript, the counsel making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated "CONFIDENTIAL" in the transcript.

c. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

d. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain Confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such

testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

7. **Filing Under Seal.** If any party wishes to file or lodge Protected Documents with the Court, that party must provide the producing party with written notice that the Protected Documents will be placed in the public court file unless the producing party files a timely motion or application to seal the records under Local Rule 79-5. Within ten (10) days of this notification, the producing party may file a motion or application for an order sealing the Protected Documents. Pending determination of the motion or application, the lodged document(s) will be conditionally under seal. Until such time as the Court issues an order sealing the Protected Documents, the party seeking to use the Protected Documents may refer only to a redacted version. Upon granting of an order sealing the record, the Protected Documents will be sealed and labeled by the court clerk according to Local Rule 79-5.. Upon denial of such an order, the documents may be filed in the public court file.

8. **Return and Destruction of Protected Documents.** Within ninety (90) days after the conclusion of this case, counsel for the Party who has received Protected Documents shall either: (a) return to the Designating Party the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, or (b) securely destroy the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, and certify in writing such destruction to the Designating Party.

9. **Inadvertent Production.**

   a. Inadvertent or unintentional production of documents or information containing information which should have been designated as Confidential shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality. If a Party has inadvertently or unintentionally produced information which should have been designated as Confidential, the producing Party will notify

the receiving Party within twenty-one (21) days of discovery of the inadvertent production and request that the Confidential designation be applied to such documents or information. If a receiving party objects to the producing Party's Confidentiality designation, it will notify the producing Party of its objections in writing within seven (7) business days of receipt of the notification described above. Within seven (7) business days, the producing Party may then move the Court for an order compelling the protection of such information. Pending the Court's ruling, a receiving Party agrees to maintain the documents as Confidential under the terms of this Order.

      b.   Inadvertent or unintentional production of documents or information containing information which should have been designated as privileged shall not be deemed a waiver in whole or in part of the Party's claims of privilege. Pursuant to Fed. R. Evid. 502(b)-(d), if a Party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, upon written request made by the producing Party within twenty-one (21) days of discovery, all copies of such information shall be returned to the producing Party within seven (7) business days of such request unless the receiving party intends to challenge the producing Party's assertion of privilege or immunity. If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing Party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving Party may sequester the inadvertently or unintentionally produced documents in a sealed envelope and shall not make any use of such information.

    10.   **Right to Use Own Information.** Nothing in this Order shall limit any Party's right to disclose to any person, or use for any purpose, its own information and documents

11. **Subpoena or Order.**  If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential, counsel for the receiving Party must promptly notify counsel for the Designating Party in writing, and in no event, more than five (5) business days after receiving the subpoena or order.  Counsel for the receiving Party also must inform, in writing, the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.

12. **Non-Party Discovery.**  Any documents or information produced by a non-party witness in discovery in the action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the parties hereto.

13. **Modification.**  This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the Parties **(no such change shall have the effect of a court order unless approved by the Court) (FFM)** or pursuant to further Court Order.  If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

14. **Duration.** After termination of this litigation, the provisions of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

1   This Protective Order shall be binding upon the parties hereto, upon their
2   attorneys, and upon the Parties' and their attorneys' successors, executors, personal
3   representatives, administrators, heirs, legal representatives, assigns, subsidiaries,
4   divisions, employees, agents, independent contractors, or other persons or
5   organizations over which they have control.
6   IT IS SO ORDERED.

7
8   Dated: June 14, 2013          By: /S/ FREDERICK F. MUMm
                                      Frederick F. Mumm
9                                     United States Magistrate Judge

10
    Approved as to form and content and respectfully submitted by:
11
12  Dated: June 5, 2013           DYKEMA GOSSETT LLP
13
14                                By: /s/ Tamara A. Bush
                                      John M. Thomas
15                                    Tamara A. Bush
                                      Attorneys for Defendant
16                                    Ford Motor Co.
17                                CAPSTONE LAW APC
18
19                                By: /s/ David L. Cheng
                                      Jordan L. Lurie
20                                    David L. Cheng
                                      Tarek H. Zohdy
21                                    Cody R. Padgett
                                      Attorneys for Plaintiff
22                                    Omar Vargas
23
24
25
26
27
28

11
STIPULATION FOR PROTECTIVE ORDER;
[PROPOSED] PROTECTIVE ORDER

CAPSTONE LAW APC
Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
David L. Cheng (SBN 240926)
David.Cheng@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
1840 Century Park East, Suite 450
Los Angeles, California 90067
Tele: (310) 556-4811 / Fax: (310) 943-0396

*Attorneys for Plaintiff*

DYKEMA GOSSETT LLP
John M. Thomas (266842)
jthomas@dykema.com
Tamara A. Bush (197153)
tbush@dykema.com
Krista L. Lenart (admitted pro hac vice)
klenart@dykema.com
David M. George (admitted pro hac vice)
dgeorge@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Tele: (213) 457-1800  /  Fax: (213) 457-1850

*Attorneys for Defendant*
FORD MOTOR COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

| | |
|---|---|
| OMAR VARGAS, individually, and on behalf of a class of similarly situated individuals,<br><br>  Plaintiff,<br><br>  v.<br><br>Ford Motor Company,<br><br>  Defendant. | Case No.: 2:12-cv-08388 ABC (FFMx)<br><br>Honorable Judge Audrey B. Collins<br>Magistrate Judge Frederick F. Mumm<br><br>**CLASS ACTION**<br><br>**DISCOVERY MATTER**<br><br>**AGREEMENT TO BE BOUND (EXHIBIT A TO PROTECTIVE ORDER)** |

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Protective

1 Order that was issued by the United States District Court for the Central District of
2 California on _____ [date] in the above-captioned case.
3          I agree to comply with and to be bound by all the terms of this Protective Order, and
4 I understand and acknowledge that failure to so comply could expose me to sanctions and
5 punishment in the nature of contempt I solemnly promise that I will not disclose in any
6 manner any information or item that is subject to this Protective Order to any person or
7 entity except in strict compliance with the provisions of this Order.  I further agree to submit
8 to the jurisdiction of the United States District Court for the Central District of California
9 for the purpose of enforcing the terms of this Protective Order, even if such enforcement
10 proceedings occur after termination of this action.

Date: _____

City and State where signed: _____

Signature: _____

Printed name: _____

_____
[Address]

_____

_____
[Telephone Number]

**DYKEMA GOSSETT LLP**
**333 SOUTH GRAND AVENUE**
**SUITE 2100**
**LOS ANGELES, CALIFORNIA 90071**