Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| OMAR VARGAS, ROBERT BERTONE, MICHELLE HARRIS, and SHARON HEBERLING individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. CV12-08388 AB (FFMx)<br>Hon. Judge André Birotte, Jr.<br>Crt Rm No. 790<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION FOR AWARD OF CATALYST FEES AND REQUEST FOR STATUS CONFERENCE**<br><br>Complaint served: October 1, 2012 |

Plaintiffs Omar Vargas, Robert Bertone, Michelle Harris and Sharon Herberling ("Plaintiffs"), by and through their counsel, hereby give notice of their anticipated motion for an award of attorneys' fees and costs based on the catalyst theory and request a status conference to discuss the issue with the Court, along with a plan for prosecuting this action going forward.

In support of this request, Plaintiffs state as follows:

Plaintiff Vargas initiated this action in September 2012 and alleged defects in the PowerShift Transmissions equipped in 2011-2013 Ford Fiesta vehicles and 2012-13 Ford Focus vehicles. Thereafter, Plaintiffs filed two amended complaints to add additional plaintiffs and claims. Each time, Ford answered the complaint and denied that there was any defect in the PowerShift Transmission.

Plaintiffs have been litigating this action for two years. To date, Ford has produced over 160,000 pages of documents. Plaintiffs have sent two settlement demand letters, and Plaintiffs' counsel met with Ford's counsel in Detroit in January 2014 and July 2014 to discuss resolution of this case, including a possible warranty extension for the Class vehicles.

In late July 2014, Ford issued Customer Satisfaction Program 14M01. The Customer Satisfaction Program addresses the exact problems identified by Plaintiffs in this lawsuit and appears to provide the putative class with the sort of injunctive relief that Plaintiffs have sought through this litigation and in their settlement demands. The Program extends the coverage of the transmission's input shafts, clutch and software calibration in the Class Vehicles to seven (7) years of service or 100,000 miles from the warranty start date of the vehicle. If a vehicle has already exceeded the mileage limits, the coverage will last through January 31, 2018. Coverage is automatically transferred to subsequent owners. Ford also has agreed to refund parts and labor costs associated with repairs to the input shafts, clutch and software calibration of the subject transmissions.

Notably, the Customer Satisfaction Program does not provide for

restitution or refund of the monies that Class members paid for the optional PowerShift Transmission ($1,095) and provides for an extended warranty, but not a fix or actual repair of the problem.  The PowerShift Transmission was an add-on, and Class members would not have paid additional amounts for the PowerShift Transmission, if they knew that it was defective.

Ford issued this Customer Satisfaction Program two years *after* Plaintiff initiated this action seeking the same relief; *after* Plaintiffs sent demand letters that set forth nearly identical settlement terms that Ford is now offering; and *after* two years of litigation during which Ford continued to deny that there was problem and produced hundreds of thousands of pages of documents in discovery.

There is little doubt that Plaintiffs' action was a catalyst for Ford's Customer Satisfaction Program.  Plaintiffs have propounded discovery to Ford to prove up the catalyst theory and to confirm whether the Customer Satisfaction Program adequately addresses the putative class' concerns.  Ford's responses are due by September 26, 2014.

Ford's strategy in unilaterally issuing a Customer Satisfaction Program in lieu of settling the class action is to chill the filing of these sorts of actions. Further, Ford believes that it can simply issue a Customer Satisfaction Program and that Plaintiffs and their counsel will just walk away after years of litigation. In fact, Ford is attempting to use the very exact same tactic in another class action being litigated in the Northern District of California, *MacDonald, et al v. Ford Motor Company* (Case No. CV 3:13-cv-02988-JST), pending before the Hon. Judge Jon S. Tigar.  In that case, Plaintiffs identified a defect, litigated the action for over a year, and then Ford issued a vehicle recall.

An award of attorneys' fees is warranted under the facts of this case and is necessary as a matter of public policy to avoid disincentivizing the filing of consumer protection lawsuits which yield precisely the sorts of benefits achieved

here as a result of Plaintiffs' action.  Courts in this District have endorsed catalyst fees where, as here, plaintiff's suit was a catalyst that prompted defendant to modify its business practices.  *See, e.g., Henderson v. The J.M. Smucker Company*, 2013 U.S. Dist. LEXIS 87030 at *10 (C.D. Cal. 2013) (to be a catalyst, "the lawsuit need not be the only cause of Defendant's conduct," and a lawsuit may be sufficient as a catalyst "if it caused the defendant to act sooner than it otherwise would have").

Accordingly, as the focus of this litigation appears to have now shifted away from proving liability (which Ford now effectively concedes by offering to remedy the defect alleged), Plaintiffs request a status conference on the earliest date convenient for the Court to discuss management of this action going forward.  Issues to be discussed include the filing of a catalyst fee motion based on the injunctive relief achieved, and the most efficient method for resolving Plaintiffs' claims for damages or restitution based on the unreimbursed cost of the PowerShift Transmission.

Dated:  September 16, 2014            Respectfully submitted,

Capstone Law APC

By:   /s/ Jordan L. Lurie
        Jordan L. Lurie
        Robert K. Friedl
        Tarek H. Zohdy
        Cody R. Padgett

        Attorneys for Plaintiffs