UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| OMAR VARGAS, ROBERT BERTONE, MICHELLE HARRIS, and SHARON HEBERLING individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No.: CV12-08388 AB (FFMx)<br><br>**CLASS ACTION**<br><br>Hon. André Birotte Jr.<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   April 24, 2017<br>Time:   10:00 am<br>Place:   Courtroom 7B |

This Court conducted a hearing on April 24, 2017 regarding Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Lead Class Counsel Capstone Law APC appeared on behalf of Plaintiffs Omar Vargas, Michelle Harris, Sharon Heberling, Robert Bertone, Kevin Klipfel, Andrea Klipfel, Maureen Cusick, Eric Dufour, Abigail Fisher, Christie Groshong, Virginia Otte, Tonya Patze , Lindsay Schmidt, Patricia Schwennker, Patricia Soltesiz, Joshua Bruno, Jason Porterfield, and Jamie Porterfield.[1] Dykema Gossett PLLC appeared on behalf of Defendant Ford Motor Company (collectively with Plaintiffs, the "Parties").

Having considered the Settlement Agreement ("Settlement" or "Settlement Agreement"), Plaintiffs' Motion for Preliminary Approval ("Motion"), all accompanying declarations and exhibits thereto, and all of the legal authorities and documents submitted in support of the Motion, and GOOD CAUSE appearing, IT IS HEREBY ORDERED that the Motion for Preliminary Approval of Class Action Settlement is GRANTED, subject to the following findings and orders:

1. The Order incorporates by reference the definitions of the Settlement Agreement, and all terms defined therein shall have the same meaning as set forth in the Settlement Agreement.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A).

3. Plaintiffs have made a sufficient showing that a Class, as defined herein, should be preliminarily certified for settlement purposes only, subject to the Final Approval Hearing. The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure for the preliminary approval of the

---

[1] The Court entered an order consolidating the instant case with *Klipfel v. Ford Motor Co.*, No. 2:15-cv-02140 AB(FFMx) on December 12, 2015. The Court entered an order consolidating *Cusick v. Ford Motor Co.*, No. 2:15-cv-08831 AB (FFMx) with the instant case on February 22, 2017.

1    Settlement and conditional certification of the proposed Class are met.

2        4.    Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court preliminarily certifies for purposes of effectuating the settlement only, a Class consisting of:

> All current residents of the United States (including territories of the United States) who, prior to the Preliminary Approval Date, purchased or leased new or used Class Vehicles that (1) were originally sold in the United States (including territories of the United States) and (2) were equipped with the PowerShift Transmission.

The Class definition expressly excludes:

> (1) except as to the Named Plaintiffs in this Litigation and the *Anderson* plaintiffs, all owners or lessees of Class Vehicles who have filed and served litigation against Ford alleging problems with the PowerShift Transmission in Class Vehicles that was pending as of the Notice Date and who do not dismiss their actions before final judgment and affirmatively elect to opt-in to the Settlement.  Owners or lessees of Class Vehicles who dismiss such litigation and affirmatively opt-in to the Settlement shall be members of the Class for all purposes;  (2) Ford's officers, directors, employees, affiliates and affiliates' officers, directors and employees; their distributors and distributors' officers, directors, and employees; and Ford Dealers and Ford Dealers' officers and directors; (3) judicial officers assigned to the Actions and their immediate family members, and any judicial officers who may hear an appeal on this matter; (4) all entities and natural persons who have previously executed and delivered to Ford releases of their claims based on the PowerShift Transmission; (5) all parties to litigation against Ford alleging problems with the PowerShift Transmission in Class Vehicles in which final judgment has been entered; and (6) all those otherwise in the Class who timely and properly exclude themselves from the Class as provided in the Settlement.

    5.    The Court preliminarily appoints Plaintiffs Omar Vargas, Michelle Harris, Sharon Heberling, Robert Bertone, Kevin Klipfel, Andrea Klipfel, Maureen Cusick, Eric Dufour, Abigail Fisher, Christie Groshong, Virginia Otte,

Tonya Patze , Lindsay Schmidt, Patricia Schwennker, Patricia Soltesiz, Joshua Bruno, Jason Porterfield, and Jamie Porterfield as the Class Representatives of the Class.

6. The Court preliminarily appoints Capstone Law APC, Berger & Montague, P.C. and Zimmerman Law Offices, P.C. as Class Counsel, and preliminarily appoints Capstone Law APC as Lead Class Counsel. The Court finds that Class Counsel have demonstrable experience litigating consumer and other class actions, and will serve as adequate counsel for the Class.

7. The conditional certification of this action as a class action is for settlement purposes only and the appointment of Class Counsel shall be terminated and without further force or effect and without prejudice to any party in connection with any future proceedings in these actions, including any future motion with respect to class certification, if:

    a. the Court does not give final approval to the Settlement Agreement and enter the Final Order and Judgment substantially in the form appended to the Settlement Agreement; or

    b. this Court's approval of the Settlement and/or entry of the Final Order and Judgment are reversed on appeal.

8. The Court has reviewed the Settlement and preliminarily finds that its terms appear sufficiently fair, reasonable, and adequate to warrant dissemination of notice of the proposed Settlement to the Class and the scheduling of a final Fairness Hearing. The Court finds that the Parties entered into the Settlement in good faith, following arm's length negotiations between their respective counsel.

9. The Court finds that the Class Notice, including the Short Form Class Notice, the Long Form Class Notice, and the Publication Notice attached

as Exhibits A, B, and C to the Settlement Agreement, and the Settlement Agreement's provisions for disseminating those materials and information, satisfy the notice requirements under Federal Rule of Civil Procedure Rule 23 and due process, and are hereby approved. The Class Notice (a) provides the best notice practicable under the circumstances; (b) is reasonably calculated, under the circumstances, to apprise the Class of the pendency of the action, the terms of the proposed Settlement, and of their right to exclude themselves from, or object to, the proposed Settlement; (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) fully complies with United States law. Defendant may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Class Members can reasonably read it and Class Counsel approves all changes and formatting.

10. The Court reserves the right to approve the Settlement with such modifications as may be agreed to by the Parties and without further notice to Members of the Class. The Parties shall be permitted to, by agreement, change the notices to reflect operative hearing and opt-out dates or other presently unknown data and make non-substantive corrections or changes to the notices to the Class and other Settlement documents without seeking further approval of the Court.

11. The Court hereby appoints Kurtzman Carson Consultants ("KCC") as the Claims Administrator to administer the Settlement in accordance with the Settlement Agreement and the Parties' instructions.

12. The Court directs that within 75 days of the Preliminary Approval Date, the Claims Administrator shall send the Short Form Class Notice of the proposed Settlement to the Class in accordance with the provisions of the Settlement Agreement. As set forth in the Settlement Agreement, Defendant shall bear all costs associated with providing Class Notice.

13. The Court further directs the Claims Administrator to establish a Settlement Website in accordance with the Settlement Agreement and in consultation with Class Counsel and Defendant.

14. The Court directs that by the Notice Date, the Claims Administrator shall cause a one-time publication of the Publication Notice, substantially in the form attached as Exhibit C to the Settlement Agreement, to appear in the Marketplace/Legal Notice Section of USA Today. Defendant shall bear the cost of the publication of the Publication Notice.

15. If it has not done so already, Ford shall provide to the Attorney General of the United States and the attorneys general of the states and territories in which the Class Members reside the information specified in 28 U.S.C. § 1715 by the deadline established in that statute.

16. Each potential Class Member who wishes to be excluded from the Class must submit a Request for Exclusion to the Claims Administrator at the address specified in the Class Notice. Such Requests for Exclusion must be postmarked no later than 130 days after the Preliminary Approval Date. Class Members who wish to be excluded from the Class must do so with respect to all Class Vehicles they own(ed) or lease(d); Class Members may not exclude themselves from the Class with respect to some Class Vehicles and include themselves in the Class with respect to other Class Vehicles. To be effective, a Request for Exclusion must be sent via first-class U.S. mail to the specified address and must:

    a. include the Class Member's full name, address, and telephone number;

    b. identify the model, model year, and vehicle identification of the Class Vehicle;

    c. specifically and unambiguously state his, her or its desire to

be excluded from the class in *Vargas v. Ford Motor Company*;

d. be individually and personally signed by the Class Member (if the Class Member is represented by counsel, the Request for Exclusion must be signed by such counsel).

17. Any Class Member who fails to submit a timely and completed Request for Exclusion to the required address, or communicate his, her or its intention regarding membership in the Class in an ambiguous manner, shall be subject to and bound by all proceedings, orders, and judgments of this Court pertaining to the Class pursuant to the Settlement Agreement unless determined otherwise by the Court.

18. The Claims Administrator shall tabulate Requests for Exclusion from prospective Class Members and shall report the name and addresses of such entities and natural persons to the Court and the Parties no later than seven days before the Fairness Hearing.

19. Except for the Named Plaintiffs and the named plaintiffs in *Anderson v. Ford Motor Company*, No. 1:16-cv-01632 (N.D. Ill.), owners or lessees of the Class Vehicles with lawsuits alleging defective PowerShift Transmissions pending against Defendant as of the Notice Date in which final judgment has not yet been entered are excluded from the Class as set forth in Paragraph 4 above, but have an opportunity to opt in to the Class. To opt in, the prospective Class Member must dismiss his, her, or its lawsuit before final judgment and complete an opt-in form (available via the Settlement Website or by phone request to the Claims Administrator), or otherwise must submit, a written statement unambiguously stating that he, she, or it wishes to opt in to the Settlement. The completed opt-in form or written opt-in statement must be submitted via United States Postal Service first-class mail to the Claims

Administrator's address specified in the Class Notice, and must be postmarked no later than 130 days after the Preliminary Approval Date. To be effective, the written opt-in request must:

    a. include the prospective Class Member's full name, address, and telephone number;

    b. identify the model, model year, and vehicle identification of the Class Vehicle;

    c. specify the case name, case number, venue (name of court or arbitration service) of the pending litigation to which the prospective Class Member is currently a party;

    d. specifically and unambiguously state his, her or its desire to be included in the class in *Vargas v. Ford Motor Company*; and

    e. be individually and personally signed by the Class Member and, (if the Class Member is represented by counsel), the Opt-In Request must be signed by such counsel.

20. Any Class Member who intends to object to the fairness of the Settlement Agreement (including Class Counsel's Fee and Expense Application, discussed below) must file any such objection with the Court, and provide copies of the objection to: (i) Lead Class Counsel Jordan Lurie and Tarek Zohdy of Capstone Law APC, 1875 Century Park East, Suite 1000, Los Angeles, CA 90067; and (ii) Krista L. Lenart of Dykema Gossett PLLC, 2723 South State Street Suite 400, Ann Arbor, MI 48104. To be considered timely, any such objection must be filed with the Court and postmarked to the attorneys listed above no later than 130 days after the Preliminary Approval Date. Any objection to the Settlement must be individually and personally signed by the Class Member (if the Class Member is represented by counsel, the objection

additionally must be signed by such counsel), and must include:

    a. the Class Member's full name, address, and telephone number;

    b. the model, model year, and vehicle identification of the Class Vehicle;

    c. a written statement of all grounds for the objection accompanied by any legal support for such objection;

    d. copies of any papers, briefs, or other documents upon which the objection is based;

    e. a list of all cases in which the objector and/or his/her counsel has filed or in any way participated in—financially or otherwise—objections to a class action settlement in the preceding five years;

    f. the name, address, email address, and telephone number of all attorneys representing the objector; and

    g. a statement indicating whether the objector intends to appear at the Fairness Hearing, and, if so, a list of all persons, if any, who will be called upon to testify in support of the objection.

Any member of the Class who does not properly file a timely written objection to the Settlement and notice of his or her intent to appear at the Fairness Hearing or who fails to otherwise comply with the requirements of this section, shall be foreclosed from seeking any adjudication or review of the Settlement by appeal, collateral attack, or otherwise.

21. Plaintiffs' and/or Defendant's supplemental briefs in support of Final Approval and/or respective Replies, if any, to any Class Member's comments or objections shall be filed no later than seven days prior to the Fairness Hearing.

22. Lead Class Counsel's application, on behalf of all Plaintiffs'

Counsel for attorneys' fees, costs and expenses, and on behalf of the Class representatives for service awards, as set forth in the Settlement Agreement, shall be filed no later than 14 days before the objection/opt-out deadline.  Plaintiffs' Counsel shall seek no more than a combined $8,856,500 in attorneys' fees and expenses in this application, and will seek no more than the amount of Service Awards for each Plaintiff as set forth in the Settlement Agreement.  Plaintiffs' motion for final approval of class action settlement shall be filed no later than seven days before the objection/opt-out deadline.

23. By seven days prior to the Fairness Hearing, the Claims Administrator shall provide a declaration attesting to its compliance with its notice obligations.  The declaration shall include

    a.    The total number of Class Notices mailed;

    b.    a sample copy of the Short Form Class Notice;

    c.    a description of the process by which the Claims Administrator obtained a mailing list for the Short Form Class Notice;

    d.    the number of Short Form Class Notices mailed and the range of dates within which such Notices were mailed;

    e.    the number of Short Form Notices returned to Ford by the United States Postal Office; and

    f.    confirmation of the publication of the Publication Notice.

24. In accordance with Rule 23(e)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1715(d), a hearing (the "Fairness Hearing") shall be held on <u>September 11, 2017, at 10:00 a.m.</u> before the undersigned at the United States Federal Courthouse, Courtroom 7B, located at 350 West First Street, Los Angeles, CA  90012, for the purposes of determining whether the proposed Settlement is fair and reasonable and adequate and should be approved by the

Court via entry of a Final Judgment and Order in substantially the same form as Exhibit F to the Settlement Agreement, and if so, what amount of reasonable attorneys' fees and reasonable costs shall be awarded to Class Counsel, and whether service awards shall also be awarded.

25. Pending final determination regarding approval of the Settlement, all further proceedings in this consolidated Action other than Settlement approval proceedings are hereby stayed.

26. The Court further orders that all Class Members and their representatives who do not timely exclude themselves from the Settlement are preliminarily enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, individually, as class members or otherwise, any lawsuit (including putative class actions), arbitration, remediation, administrative or regulatory proceeding or order in any jurisdiction, asserting any claims based on alleged defects in the PowerShift Transmission or asserting any Released Claims.  This injunction shall not cover any claims for non-binding mediation or arbitration filed with the Better Business Bureau pursuant to the provisions in Ford's New Vehicle Limited Warranty or claims for benefits under this Settlement, including claims filed in the Arbitration Program.

**IT IS SO ORDERED.**

Dated: April 25, 2017

By: _____
The Hon. Andre Birotte Jr
United States District Court Judge