Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Karen L. Wallace (SBN 272309)
Karen.Wallace@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396
Attorneys for Plaintiffs

John M. Thomas (SBN 266842)
jthomas@dykema.com
Tamara A. Bush (SBN 197153)
tbush@dykema.com
Krista L. Lenart (admitted pro hac vice)
klenart@dykema.com
Dykema Gossett PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850
Attorneys for Defendant FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OMAR VARGAS, ROBERT BERTONE, MICHELLE HARRIS, and SHARON HEBERLING, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY,<br><br>Defendants. | Case No. 2:2012-cv-08388 AB (FFMx)<br><br>[Assigned to Hon. Andre Birotte, Jr., Rm 7B Magistrate Frederick F. Mumm, Rm 580] Courtroom 790]<br><br>CLASS ACTION<br><br>**JOINT APPLICATION FOR EX PARTE ORDER LIFTING STAY**<br><br>Complaint served: October 1, 2012<br>1st Amended Complaint: Dec. 12, 2012<br>2nd Amended Complaint: Aug 30, 2013 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

JOINT APPLICATION FOR EX PARTE ORDER LIFTING STAY

**PLEASE TAKE NOTICE**

Plaintiffs, on behalf of themselves and all others similarly situated, and Defendant Ford Motor Company ("Ford") jointly apply for an ex parte order lifting the stay entered by the Court on November 9, 2017. This Court stayed this litigation pending the decision of the Judicial Panel on Multi-District Litigation ("JPML") in *In Re: Ford Motor Co. DPS6 PowerShift Transmission Products Liability Litigation*, MDL No. 2814. But this case will not be affected in any way by the JPML decision, and a stay will create confusion about applicable deadlines and postpone relief to class members.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Ford and Plaintiffs jointly and respectfully request that this Court lift the stay of this litigation entered on November 9, 2017. This Court stayed this litigation pending the decision of the Judicial Panel on Multi-District Litigation ("JPML") in *In Re: Ford Motor Co. DPS6 PowerShift Transmission Products Liability Litigation*, MDL No. 2814. However, the JPML's decision in that matter will not affect this case, or the settlement in this case, in any way. Plaintiffs in the proposed MDL action have been either excluded from the Class or have attempted to opt-out of the *Vargas* action. Further, a stay will create confusion concerning various deadlines, delay resolution of issues relating to opt-outs, and most importantly, postpone the implementation of the settlement.

**II.  BACKGROUND**

    **A.  This Litigation.**

This is a class action alleging (among other things) that Ford fraudulently misrepresented and concealed alleged defects in the DPS6 PowerShift transmission that was installed in 2011-2016 Ford Fiesta and 2012-2016 Ford Focus vehicles. On October 18, 2017, this Court granted final approval to the class action settlement negotiated by the parties after five years of litigation. Pursuant to the Settlement

Agreement, several time limits for claiming settlement benefits began to run on the date that this Court's order was entered. The approved settlement excluded individuals with suits related to the DPS6 PowerShift transmission pending as of July 14, 2017.

At the same time that this Court approved the settlement, it entered another order that gave certain class members until November 13, 2017, to cure deficiencies in their opt-out requests. In addition, at the time final approval was granted, Ford's motion to invalidate certain opt-outs was pending and was set for hearing on November 17, 2017. (The hearing on this motion was later re-set for December 8, 2017.) Although the validity of some opt-outs thus remained to be determined, this Court found there was no just reason to delay entry of a final order as to the rest of the class, and it dismissed this action, and the related actions, with prejudice.[1]

The parties are currently awaiting expiration of the appeal period; if no appeals are filed, the settlement will become effective and claims by class members for benefits under the settlement will begin to be processed.

**B.    Ford's MDL Petition.**

On October 30, 2017, Ford filed a motion with the JPML to transfer and coordinate more than 111 cases filed in or removed to federal court making allegations virtually identical to those in this case, i.e., that Ford fraudulently misrepresented and concealed alleged defects in the DPS6 PowerShift transmission that was installed in 2011-2016 Ford Fiesta and 2012-2016 Ford Focus vehicles. (The JPML Motion is attached as Exhibit 1.) Ford suggested that the 111 cases be coordinated before this Court because the allegations in those cases are substantially similar to the allegations made in this case. In fact, the plaintiffs in many of the 111 cases specifically alleged that "[t]he facts alleged in *Vargas* . . . are substantially

---

[1] A proposed revised Final Order and Judgment was lodged and separately emailed to the Court on October 30, 2017, reflecting non-material changes to October 18, 2017 Final Order and Judgment. This is pending execution by the Court.

similar, if not identical to the facts alleged herein," and that "[t]he allegations in *Vargas* . . . are based on the same subject matter and similar evidence as the instant complaint." (JPML Memorandum in Support at 3-4, attached as Exhibit 2.)

But in its JPML Motion, Ford specifically stated that *Vargas* "is *not* among the Related Actions that Ford seeks to consolidate." (JPML Motion ¶ 3, emphasis added.) Nor was *Vargas* included in the Schedule of Related Actions that listed the 111 cases for which Ford was seeking consolidation and transfer. (*See* JPML Schedule of Related Actions, attached as Exhibit 3.) Furthermore, Plaintiffs in the suits included in the Schedule of Related Actions are either those who were expressly excluded by the *Vargas* settlement or those who have attempted to opt out of the *Vargas* settlement.

On November 9, this Court *sua sponte* stayed this action pending the JPML's decision.

## III. THE STAY SHOULD BE LIFTED.

There has been no motion to stay filed in this case, but where such a motion is filed courts consider (1) judicial resources that would be saved by avoiding duplicative litigation if the cases are consolidated; (2) potential prejudice to the non-moving party; and (3) hardship and inequity to the moving party if the action is not stayed. *See San Diego Unified Port District v. Monsanto Co.*, No. 15-cv-00578, 2016 WL 4496826 at *1, 2016 U.S. Dist. LEXIS 119488 at *4–*5 (S.D. Cal. Feb. 1, 2016). None of these factors support a stay here.

First, a stay will not conserve any judicial resources. Ford and Plaintiffs agree that the JPML's decision on Ford's motion will not affect this case, or the settlement in this case, regardless of whether the motion is granted. If the motion is denied, there will of course be no multi-district proceedings and no transfer of this case. If the petition is granted and an MDL is created, this case will not be transferred to the MDL because Ford's motion does not seek transfer of this case. Thus, a stay accomplishes nothing except to delay proceedings in this case.

Second, no prejudice or hardship will result from lifting the stay. On the other hand, maintaining the stay threatens to create confusion and delay relief to class members. The effect of the stay on the time to appeal is unclear, for example. Several time limits began to run when this Court approved the settlement, and the effect on those time limits is also unclear. This Court also set specific deadlines designed to expeditiously resolve issues relating to the validity of certain opt-outs; a stay will presumably delay resolution of those issues. But most importantly, the stay will delay the process of proving settlement benefits to class members. For example, over one hundred class members have already taken the first step to arbitrate their repurchase claims, but arbitration cannot begin until the Settlement becomes effective, which cannot occur while the stay is in effect. Class Members have a strong interest in having the dates in the settlement continue to run.

Furthermore, the plaintiffs in the proposed MDL are either excluded from the *Vargas* class, have validly opted-out of the *Vargas* class, or their opt-out status will be determined by the Court in the pending motion as to certain opt-outs. Although their factual allegations borrow from the Vargas complaint, the plaintiffs in the proposed MDL are pursuing their own claims—claims that do not affect *Vargas* in any way.

### IV. POSITION OF OBJECTORS AND OTHER INTERESTED PARTIES.

Both parties to this case agree that the stay should be lifted. Counsel for Ford attempted to contact counsel for Objectors and other Interested Parties by e-mail on November 10, 2017. As of the time this application was filed, the parties are not aware of any opposition to this application from any Objector or Interested Party, except that Neil Gieleghem, the attorney who has appeared in connection with Ford's Motion to Invalidate Certain Opt-Outs, stated that he opposes this application and intends to file an opposition.

Below is contact information for Objectors and Interested Parties:

| | |
|---|---|
| 1 | **Interested Party  Eduardo Gonzalez** |
| 2 | Represented by Rowena G Santos<br>Strategic Legal Practices APC<br>1840 Century Park East Suite 430 |
| 3 | Los Angeles, CA 90067<br>310-929-4900 |
| 4 | Fax: 310-943-3838<br>Email: rsantos@slpattorney.com |
| 5 | |
| 6 | **Interested Party  Oliver Sit**<br>Represented by Elliot J Conn<br>Kemnitzer Barron and Krieg LLP |
| 7 | 445 Bush Street 6th Floor<br>San Francisco, CA 94108 |
| 8 | 415-632-1900<br>Fax: 415-632-1901 |
| 9 | Email: elliot@kbklegal.com |
| 10 | **Interested Party  Jennifer E Lange**<br>Represented by John W Hanson |
| 11 | The Hanson Law Firm<br>16870 West Bernardo Drive Suite 400 |
| 12 | San Diego, CA 92127<br>858-451-0291 |
| 13 | Fax: 858-451-0281<br>Email: john@thesandiegolemonlawyer.com |
| 14 | |
| 15 | **Objectors Brenda Lott, Suzanne Lutz, Carlie Olivant, Gail Slomine Philip Woloszyn**<br>Represented by Nancy E Gray |
| 16 | Gray and Associates PC<br>11500 West Olympic Boulevard Suite 400 |
| 17 | Los Angeles, CA 90064<br>310-452-1211 |
| 18 | Fax: 888-729-2402<br>Email: ngray@grayfirm.com |
| 19 | |
| 20 | David J Gorberg<br>David J Gorberg and Associates |
| 21 | 103 Sibley Avenue<br>Ardmore, PA 19003<br>215-665-7660 |
| 22 | Fax: 215-563-8738<br>Email: david@mylemon.com |
| 23 | |
| 24 | Emma C Robison<br>David J Gorberg and Associates<br>103 Sibley Avenue |
| 25 | Ardmore, PA 19003<br>216-665-7660 |
| 26 | Fax: 215-665-8760<br>Email: emma@mylemon.com |
| 27 | |
| 28 | |

6

JOINT APPLICATION FOR EX PARTE ORDER LIFTING STAY

|   |   |
|---|---|
| 1 | Michael T Kirkpatrick |
| 2 | Public Citizen Litigation Group<br>1600 - 20th Street NW |
| 3 | Washington, DC 20009<br>202-588-1000 |
| 4 | Fax: 2202-588-7795<br>Email: mkirkpatrick@citizen.org |

**Attorneys For Certain Opt-Outs**
Kenneth A. Stern
Ken@sternlawonline.com
41850 W 11 Mile Rd, Suite 121
Novi, MI 48375
Telephone: (248) 347-7300

Dani K. Liblang
danil@liblanglaw.com
346 Park Street, Suite 200
Birmingham, MI 48009-3436
Telephone: (248) 540-9270

Neil Gieleghem
neil@ngattorney.com
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900

I hereby attest that pursuant to C.D. Cal. L.R. 5-4.3.4(a)(2)(i), that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  November 13, 2017          Respectfully submitted,

DYKEMA GOSSETT LLP

By: _ /s/ John M. Thomas_____
    John M. Thomas
    Tamara A. Bush
    Attorneys for Defendant
    FORD MOTOR COMPANY

CAPSTONE LAW APC

By: _ /s/ Jordan L. Lurie_____
    Jordan L. Lurie
    Ryan Wu
    *Attorneys for Plaintiffs and the Class*