# EXHIBIT 2

1 | Alina Mooradian (#245470)
amooradian@swlaw.com
2 | SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
3 | Costa Mesa, California 92626-7689
Telephone: 714.427.7000
4 | Facsimile: 714.427.7799

5 | Attorneys for Defendant
FORD MOTOR COMPANY

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11

12 | MOHAMMED ALTIKRITI and
NOFAL ALTIKRITI,

13 | Plaintiffs,

14 | v.

15 | FORD MOTOR COMPANY, and
DOES 1 through 10, inclusive,

16 | Defendants.

17

CASE NO. 2:17-CV-7369

[*Originally filed in Los Angeles Superior Court; Case No.: BC674645*]

**FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION**

Complaint filed: September 1, 2017

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Ford Motor Company ("Ford"), a named defendant in the above-captioned matter, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, hereby removes this case from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

EXHIBIT 2 -1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1

## BACKGROUND

2     1.    The removed case is a civil action commenced in the Superior Court of

3 California, County of Los Angeles, entitled *Mohammed Altikriti and Nofal Altikriti*

4 *v. Ford Motor Company*, Case No. BC674645 ("the State Action"). The only

5 Defendant named in this action is Ford. Plaintiffs filed this action on September 1,

6 2017, asserting claims under the Song-Beverly Consumer Warranty Act (Cal. Civ.

7 Code § 1790 *et seq.*) ("Song-Beverly Act") and Magnuson-Moss Warranty Act (15

8 U.S.C §§2301 – 2312) ("Mag-Moss Act"), breach of express and implied

9 warranties and fraud by omission. *See* Complaint.

10

## PROCEDURAL REQUIREMENTS

11     2.    Ford has thirty (30) days from the date of service or receipt of a copy

12 of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a

13 copy of the complaint on September 11, 2017. This Notice of Removal is therefore

14 timely filed.

15     3.    Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District

16 of California, because this District embraces the place in which the removed action

17 has been pending.

18     4.    Pursuant to 28 U.S.C. §1446(a), copies of all process and pleadings for

19 the State Action in Ford's possession are contained in **Exhibit A**, including Ford's

20 Answer to the Complaint.

21     5.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice

22 of Removal will be filed with the Superior Court of California, County of Los

23 Angeles promptly after filing of same in this Court.

24     6.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice

25 of Removal will be given to all adverse parties promptly after the filing of same in

26 this Court.

27

28

EXHIBIT 2-2

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4810-4626-5937.1

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

Case 2:12-cv-08388-AB-FFM  Document 220-3  Filed 11/13/17  Page 4 of 40  Page ID
#:4508
Case 2:17-cv-07369-AB-FFM  Document 15-3  Filed 10/09/17  Page 3 of 11  Page ID #:3

1    7.    If any question arises as to the propriety of removing this action, Ford

2    requests the opportunity to conduct discovery, brief any disputed issues and to

3    present oral argument in favor of its position that this case is properly removable.

4    8.    Nothing in this Notice of Removal shall be interpreted as a waiver or

5    relinquishment of Ford's right to assert defenses including, but not limited to, (i)

6    lack of jurisdiction over person; (ii) improper venue and/or *form non conveniens*;

7    (iii) insufficiency of process; (iv) insufficiency of service of process; (v) improper

8    joinder of claims and/or parties; (vi) failure to state a claim; (vii) failure to join an

9    indispensable party or parties; or (viii) any other procedural or substantive defense

10   available under state or federal law.

11   **THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

12   9.    The amount in controversy in this action exceeds $75,000, exclusive of

13   interest and costs. *See* 28 U.S.C. § 1332.

14   10.    The removing party's initial burden is to "file a notice of removal that

15   includes 'a plausible allegation that the amount in controversy exceeds the

16   jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th

17   Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct.

18   547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement

19   stated in Rule 8(a)," which requires only that the grounds for removal be stated in a

20   "short and plain statement." *Dart*, 135 S. Ct. at 553.

21   11.    Here, Plaintiffs seek both monetary and equitable relief. Plaintiffs

22   allege breaches of express and implied warranties under the Song-Berverly Act and

23   the Mag-Moss Act and fraud by omission. (Compl. ¶¶ 7–57). Specifically,

24   Plaintiffs allege that they are entitled to relief under the Song-Berverly Act

25   including: attorneys' fees, restitution, reimbursement of the purchase price paid for

26   the vehicle or diminution in value, incidental, consequential and general damages as

27   well as civil penalties of up to two times the amount of actual damages. (Compl. ¶

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 3 -

EXHIBIT 2-3

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

1    12 – 15, 19 – 20, 23, 27 and Prayer for Relief).  Plaintiffs also seek general, special,

2    incidental, consequential and actual damages, penalties, attorney's fees and

3    reimbursement of the entire amount paid or payable under the Mag-Moss Act.

4    (Compl. ¶¶ 41 – 44).  And finally, Plaintiffs seek punitive damages. (Compl.,

5    Prayer for Relief).

6         12.    Generally, a federal district court will first "consider whether it is

7    'facially apparent' from the complaint that the jurisdictional amount is in

8    controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006)

9    (internal citation omitted). In considering the amount in controversy, civil penalties

10   under the Song-Beverly Act are properly included in the calculation.  *Hall v. FCA*

11   *US, LLC*, No. 1:16-cv-00684-DAD-JLT, Slip Copy, WL 4445335, at *4 (E.D. Cal.

12   Aug. 24, 2016); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009

13   (N.D. Cal. 2002). So too are attorney's fees "where an underlying statute authorizes

14   an award of attorneys' fees, either with mandatory or discretionary language".

15   *Sekula v. FCA Us LLC*, No. 1:17-cv-00460-DAD-JLT, Slip Copy, 2017 WL

16   3725931, at *4 (E.D. Cal. Aug. 30, 2017) (quoting *Galt G/G v. JSS Scandinavia*,

17   142 F.3d 1150, 1156 (9th Cir, 1998).   In addition, the amount in controversy

18   calculation includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927,

19   945 (9th Cir. 2001).

20        13.    Ford disputes that it is liable for any damages whatsoever to the

21   Plaintiffs, however, it is facially apparent from the Complaint that the amount in

22   controversy in this case exceeds $75,000. *See* Declaration of Warren E. Platt, ¶¶4-

23   12 attached as **Exhibit B.**  For example, in relation to the alleged breach of the

24   Song-Beverly Act, Plaintiffs claim damages in an amount that "exceeds $25,000".

25   (Compl. ¶12).  In addition, the Plaintiffs claim entitlement to a civil penalty of two

26   times the Plaintiffs' actual damages (Compl. ¶¶13-14).  Two times the alleged

27   actual damages of more than $25,000 necessarily exceeds $50,000.  Therefore,

28

- 4 -

EXHIBIT 2 -4

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA, 92626-7689

1     when the alleged actual damages and the civil penalty claimed are combined, the

2     amount in controversy exceeds $75,000. What's more, Plaintiffs have alleged

3     punitive damages and a claim for attorneys' fees, which will only add to the alleged

4     amount in controversy in this case.

5          14.    If the Court concludes the Complaint does not state an amount of

6     controversy in excess of $75,000 on its face, then Court may also consider facts

7     averred in the removal petition. *Abrego*, 443 F.3d at 690. The Court may then

8     determine "by a preponderance of the evidence, whether the amount-in-controversy

9     requirement has been satisfied." *Ibarra*, 775 F.3d at 1195.[1]

10        15.    Here, Ford also can demonstrate that the amount in controversy

11     exceeds $75,000 under the "preponderance of the evidence" standard. See

12     *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). This

13     standard requires only that the removing party present evidence that "it is more

14     likely than not" that the amount in controversy is satisfied. *Id.*

15        16.    Plaintiffs allege that she purchased a 2014 Ford Fiesta (the "Vehicle")

16     and that it has alleged defects "causing the transmission to shudder" among other

17     alleged problems. (Compl. ¶ 9). Plaintiffs allege that Ford and its representatives

18     have been unable to service or repair the Vehicle to conform to the applicable

19     warranties after a reasonable number of opportunities. (Compl. ¶¶ 10, 17, 25 and

20     38).

21        17.    Civil penalties under the Song-Beverly Act are also properly included

22     in the calculation. *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009

23     (N.D. Cal. 2002). So too are reasonable estimates of attorney's fees. *Id.* at 1011.

24

25

---

[1] Note that in examining Ford's allegations regarding amount in controversy, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted). Ford thus requests the opportunity to conduct discovery relevant to the amount in controversy should the Court consider remanding based on this requirement.

- 5 -

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

EXHIBIT 2

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

18. The Song-Beverly Act allows for the recovery of attorney's fees, which regularly exceed $50,000. (Declaration of Spencer p. Hugret ¶¶ 5-6, attached as **Exhibit C**.

19. The amount in controversy calculation includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Experts retained by plaintiffs in comparable cases related to the Ford DPS6 transmission have routinely sought punitive damages far in excess of $75,000, and more specifically, nine times the amount of actual damages (see, for example, the Declaration of Dr. Barbara C. Luna filed in *Cazares v. Ford Motor Company*, Case No. BC635153 in the Superior Court of California, County of Los Angeles (without exhibits) attached as **Exhibit D** at ¶ 71). In this case, the amount of punitive damages estimated using that calculation would be approximately $225,000.00 (based on the amount of potential actual damages in excess of $25,000 as alleged in Plaintiffs' Complaint at ¶ 12), far in excess of $75,000.

20. Notwithstanding the foregoing, in full settlement of this action and all of the claims therein, Ford hereby offers to pay Plaintiffs the total sum of Seventy Five Thousand and One Dollars ($75,001.00), inclusive of any and all costs, attorneys' fees, and/or civil penalties, in exchange for each of the following: (1) the entry of a Stipulation of Dismissal of Plaintiffs' action against Ford, with prejudice; and (2) the release of all past, present, or future claims for damages of any kind related to the Subject Vehicle. This offer shall remain open only for ten (10) days from the date of the service of this Notice of Removal on Plaintiffs' counsel. If this offer is not accepted within the time prescribed above, it shall be deemed rejected, and cannot be given in evidence upon trial.

## DIVERSITY OF CITIZENSHIP EXISTS

21. The Plaintiffs are and were at the time of filing of the Complaint a citizen and resident of the State of California (Compl. ¶ 2).

EXHIBIT 2

4810-4626-5937.1

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    22.    Ford is, and was at the time Plaintiffs commenced this action, a

2    corporation organized under the laws of the State of Delaware with its principal

3    place of business in the State of Michigan.  This Court can take judicial notice of

4    these facts. *See* Excerpt from Ford's 2016 Form 10-K filing, attached as **Exhibit E**;

5    *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be

6    accurately and readily determined from sources whose accuracy cannot reasonably

7    be questioned.").

8    23.    There is therefore diversity of citizenship between the Plaintiffs,

9    Californian citizens, and Ford, a citizen of Delaware and Michigan but not

10   California.

## FEDERAL QUESTION JURISDICTION EXISTS

12   24.    Alternatively, this Court also will have original jurisdiction over a

13   dispute under 28 U.S.C. § 1331 where the dispute arises under the Constitution,

14   laws, or treaties of the United States.

15   25.    In this case, the Plaintiffs make a claim pursuant to the Mag-Moss Act

16   (Compl. ¶¶ 33 – 44) – a law of the United States.  For a Mag-Moss claim, there

17   must be an amount in controversy of more than $50,000 (exclusive of interests and

18   costs) computed on the basis of all claims to be determined in the suit.  *See* 15

19   U.S.C. §2310(d)(3)(B).

20   26.    In determining the amount in controversy for claims made under the

21   Mag-Moss Act, the Court may address the amount in controversy requirement in

22   the same manner as diversity jurisdiction.  *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d

23   1237, 1240 (C.D. Cal. 2005).  Specifically, the Court may include civil penalties

24   potentially recoverable under the Song-Beverly Act in calculating the amount in

25   controversy. *Romo* 397 F. Supp. 2d at 1239-40.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

EXHIBIT 2-7

4810-4626-5937.1

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

27.     As set out in paragraphs 13 to 20 above, the amount in controversy under the Song-Beverly Act is greater than $75,000. As such, the Mag-Moss Act threshold of $50,000 is clearly exceeded.

28.     Pursuant to 28 U.S.C. § 1367(a), where the court has original jurisdiction in a civil action, as it does here, it shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

29.     The other bases for relief asserted by Plaintiffs in the State Action all arise out of the same set of facts and are part of the same case or controversy. As such, the Court has supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a).

## CONCLUSION

30.     For the reasons set forth above, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §1441 because (i) it is a civil action pending within the jurisdiction of the United States District Court for the Central District of California; (ii) it is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs. Alternatively, the State Action may be removed to this Court because the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 regarding the claims brought under the Mag-Moss Act, and supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

EXHIBIT 2-8

- 8 -

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

Dated:  October 6, 2017

SNELL & WILMER L.L.P.

By:/s/ Alina Mooradian
    Alina Mooradian
    Attorneys for Defendant
    FORD MOTOR COMPANY

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

EXHIBIT 2 - 9

- 9 -

4810-4626-5937.1

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 350 S. Grand Ave., Suite 3100, Los Angeles, California, 90071.

On October 9, 2017, I served, in the manner indicated below, the foregoing document described as **FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, addressed as follows:

☐ BY REGULAR MAIL:  I caused such envelopes to be deposited in the United States mail at Los Angeles, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to  (C.C.P. § 1013(a)).]

☐ BY FEDERAL EXPRESS / OVERNITE EXPRESS:  I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ BY PERSONAL SERVICE:  I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

☐ BY E-MAIL: I caused such document to be served via e-mail to the below-referenced addressees.

********

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 9, 2017, at Los Angeles, California.

Rosanna Perez

EXHIBIT 270

- 10 -

4810-4626-5937.1

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

SNELL & WILMER
—— L.L.P. ——
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

## SERVICE LIST

*Mohammed Altikriti and Nofal Altikriti v. Ford Motor Company*
Los Angeles Superior Court Case No.: BC674645

Jacob Cutler
Gillian Mellon
STRATEGIC LEGAL PRACTICES, APC
1840 Century Park East, Suite 430
Los Angeles, CA 90067

**ATTORNEYS FOR PLAINTIFFS**

Telephone: (310) 929-4900
Facsimile: (310) 943-3838

jcutler@slpattomey.com
gmellon@slpattorney.com

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 11 -

4810-4626-5937.1

EXHIBIT 2-11

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

# EXHIBIT A
## Complaint

EXHIBIT 2-12

1 Jacob Cutler (SBN 264988)
Email: jcutler@slpattorney.com
2 Gillian Mellon (SBN 300830)
Email: gmellon@slpattorney.com
3 1840 Century Park East, Suite 430
Los Angeles, CA 90067
4 Telephone: (310) 929-4900
Facsimile: (310) 943-3838
5
Attorneys for Plaintiffs MOHAMMED ALTIKRITI
6 and NOFAL ALTIKRITI

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 0 1 2017

Sheri R. Carter, executive officer/Clerk
By: _____, Deputy
Moses Soto

7

8 ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 ### COUNTY OF LOS ANGELES

10 MOHAMMED ALTIKRITI and NOFAL | Case Nos.: **BC 674645**
11 ALTIKRITI,
| Hon.
12 Plaintiffs, | Dept.:

13 vs. | **COMPLAINT FOR VIOLATION OF**
| **STATUTORY OBLIGATIONS**
14
FORD MOTOR COMPANY, and DOES 1
15 through 10, inclusive,
| **JURY TRIAL DEMANDED**
16 Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

EXHIBIT 2-13

Plaintiffs allege as follows:

## PARTIES

1. As used in this Complaint, the word "Plaintiffs" shall refer to Plaintiffs MOHAMMED ALTIKRITI and NOFAL ALTIKRITI.

2. Plaintiffs are residents of Colton, California.

3. As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

4. Defendant Ford Motor Company is a corporation organized and in existence under the laws of the State of Delaware with a principal place of business in Palo Alto, California and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Los Angeles County.

5. Plaintiffs are ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiffs becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiffs will amend this Complaint to state their true names and capacities.

6. To the extent there are any statutes of limitation applicable to Plaintiffs' claim—including, without limitation, his express warranty, implied warranty, Magnuson-Moss and fraudulent omission claims—the running of the limitation periods have been tolled by equitable tolling, class action tolling (e.g. *American Pipe* rule) in the matter of *Vargas et al v. Ford Motor Company*, (U.S. District Court, Case No. 2:12-cv-08388), the discovery rule, fraudulent concealment rule, equitable estoppel, equitable tolling and/or repair rule.

//
//
//
//

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

---

COMPLAINT; JURY TRIAL DEMANDED

EXHIBIT 2-14

**FIRST CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT**

**VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2**

7.     In or around August 29, 2014, Plaintiffs purchased a 2014 Ford Fiesta vehicle identification number 3FADP4BJ9EM183239, (hereafter "Vehicle") which was manufactured and or distributed by Defendant.  The Vehicle was purchased or used primarily for personal, family, or household purposes.  Plaintiffs purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

8.     In connection with the purchase, Plaintiffs received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.  The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

9.     During the warranty period, the Vehicle contained or developed defects, including but not limited to: defects relating to the Vehicle's transmission; defects causing the transmission to not crank; defects causing the transmission to rattle; defects causing the Vehicle to shudder; defects requiring reprogramming of the transmission control module; defects requiring an adaptive relearn; defects relating to the Vehicle's clutch; and defects requiring replacement of the Vehicle's clutch.  Said defects substantially impair the use, value, or safety of the Vehicle.

10.     Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities.  Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

11.     Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

EXHIBIT 2  115

1   1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code

2   section 1794.

3           12.     Plaintiffs suffered damages in a sum to be proven at trial that exceeds $25,000.

4           13.     Defendant's failure to comply with its obligations under Civil Code section

5   1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that

6   they were unable to service or repair the Vehicle to conform to the applicable express

7   warranties after a reasonable number of repair attempts, yet Defendant failed and refused to

8   promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil

9   penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794,

10  subdivision (c).

11          14.     Defendant does not maintain a qualified third-party dispute resolution process

12  which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is

13  entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code

14  section 1794, subdivision (e).

15          15.     Plaintiffs seek civil penalties pursuant to section 1794, subdivisions (c), and (e)

16  in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code

17  section 1794, subdivision (f).

18                          **SECOND CAUSE OF ACTION**

19                     **BY PLAINTIFF AGAINST DEFENDANT**

20      **VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

21          16.     Plaintiffs incorporate by reference the allegations contained in the paragraphs

22  set forth above.

23          17.     Although Plaintiffs presented the Vehicle to Defendant's representative in this

24  state, Defendant and its representative failed to commence the service or repairs within a

25  reasonable time and failed to service or repair the Vehicle so as to conform to the applicable

26  warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b).

27  Plaintiffs did not extend the time for completion of repairs beyond the 30-day requirement.

28

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**COMPLAINT; JURY TRIAL DEMANDED**

EXHIBIT 2 + 16

18.     Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

19.     Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the purchase. By serving this Complaint, Plaintiffs do so again. Accordingly, Plaintiffs seek the remedies provided in California Civil Code section 1794(b)(1), including the entire contract price. In the alternative, Plaintiffs seek the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiffs believe that, at the present time, the Vehicle's value is *de minimis.*

20.     Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

## THIRD CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT

### VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2

21.     Plaintiffs incorporate by reference the allegations contained in paragraphs set forth above.

22.     In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

23.     Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during

4

EXHIBIT 2-17

1    the warranty period, yet Defendant failed to take any action to correct its failure to comply

2    with the law. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs'

3    actual damages; pursuant to Civil Code section 1794(c).

### FOURTH CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT

### BREACH OF EXPRESS WRITTEN WARRANTY

### (CIV. CODE, § 1791.2, SUBD. (a); § 1794)

8         24.    Plaintiffs incorporate by reference the allegations contained in paragraphs set

9    forth above.

10        25.    In accordance with Defendant's warranty, Plaintiffs delivered the Vehicle to

11   Defendant's representative in this state to perform warranty repairs. Plaintiffs did so within a

12   reasonable time. Each time Plaintiffs delivered the Vehicle, Plaintiffs notified Defendant and

13   its representative of the characteristics of the Defects. However, the representative failed to

14   repair the Vehicle, breaching the terms of the written warranty on each occasion.

15        26.    Plaintiffs have been damaged by Defendant's failure to comply with its

16   obligations under the express warranty, and therefore brings this Cause of Action pursuant to

17   Civil Code section 1794.

18        27.    Defendant's failure to comply with its obligations under the express warranty

19   was willful, in that Defendant and its authorized representative were aware that they were

20   obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiffs

21   are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code

22   section 1794(c).

### FIFTH CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

### (CIV. CODE, § 1791.1; § 1794)

27        28.    Plaintiffs incorporate by reference the allegations contained in the paragraphs

28   set forth above.

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

5

EXHIBIT 2 - 18

29.     Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

30.     Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

31.     At the time of purchase, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

32.     Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

## SIXTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT

## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

33.     Plaintiffs incorporates by reference the allegations contained in the paragraphs set forth above.

34.     Plaintiffs are a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

35.     Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

6

COMPLAINT; JURY TRIAL DEMANDED

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

EXHIBIT __2__-19

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

36.   The Vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

37.   In addition to the express warranty, in connection with the sale of the Vehicle to Plaintiffs, an implied warranty of merchantability was created under California law. The Vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the Vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

38.   Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the Vehicle.

39.   Plaintiffs have also met all of Plaintiff's obligations and preconditions to bring this claim, or alternatively it would have been futile for Plaintiff to do so.

40.   In addition, Plaintiffs have met all of Plaintiffs' obligations for bringing this claim as provided in the written warranties, or alternatively, Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

41.   As a direct and proximate result of the acts and omissions of the Defendant, Plaintiffs have been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

42.   Under the Act, Plaintiffs are entitled to reimbursement of the entire amount paid or payable.

43.   Plaintiffs are entitled to all incidental, consequential, penalties, and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

44.   Plaintiffs are entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's

7

EXHIBIT 2 - 20

1    fees, reasonably incurred in connection with the commencement and prosecution of this action

2    pursuant to 15 U.S.C. § 2310(d)(2).

3                     **SEVENTH CAUSE OF ACTION**

4                 **BY PLAINTIFF AGAINST DEFENDANT**

5                       **(Fraud by Omission)**

6        45.     Plaintiffs hereby incorporates by reference the allegations contained in the

7    preceding paragraphs of this Complaint.

8        46.     Plaintiffs purchased the Vehicle as manufactured with Defendant's dual clutch

9    transmission (also known as "DPS6" or "Power Shift 6 Transmission").

10        47.     Defendant committed fraud by allowing to be sold to Plaintiffs the Vehicle

11    without disclosing that the subject vehicle and its DPS6 transmission was defective and

12    susceptible to sudden and premature failure.

13        48.     In particular, Plaintiffs are informed, believes, and thereon alleges that prior to

14    Plaintiffs acquiring the subject vehicle, Ford was well aware and knew that the dual clutch

15    transmission ("DPS6" or "Power Shift 6 Transmission") installed on the subject vehicle was

16    defective but failed to disclose this fact to Plaintiffs at the time of sale and thereafter. [1]

17        49.     Specifically, Ford knew (or should have known) that the Power Shift 6

18    Transmission had one or more defects that can result in various problems, including, but not

19    limited to, sudden acceleration, delayed acceleration, hesitation on acceleration, jerking,

20    shuddering on acceleration, lack of power, delayed in downshifts, transmission fluid leaks,

21    and/or premature wear of the internal components ("transmission defect"). These conditions

22    present a safety hazard and are unreasonably dangerous to consumers because they can suddenly

23    and unexpectedly affect the driver's ability to control the vehicle's speed, acceleration, and

24    deceleration.

25        50.     Plaintiffs are informed, believes and thereon alleges that Ford acquired its

26    knowledge of the transmission defect prior to Plaintiffs acquiring the subject vehicle, though

27

28        [1] Indeed, Defendant has issued various technical bulletins to its dealers (not
consumers) concerning the defective DSP6 transmissions.

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

EXHIBIT 2-21

1     sources not available to consumers such as Plaintiffs, including but not limited to pre-production

2     and post-production testing data, early consumer complaints about the transmission defect made

3     directly to Ford and its network of dealers, aggregate warranty data compiled from Ford's

4     network of dealers, testing conducted by Ford in response to these complaints, as well as

5     warranty repair and part replacements data received by Ford from Ford's network of dealers,

6     amongst other sources of internal information.

7        51.     Plaintiffs are informed, believes, and thereon alleges that while Defendant knew

8     about the transmission defect, and its safety risks since 2013, if not before, Defendant

9     nevertheless concealed and failed to disclose the defective nature of the Vehicle and its DPS6

10     transmission to Plaintiffs at the time of sale and thereafter. Had Plaintiffs known that the

11     subject Vehicle suffered from the transmission defect, he would not have purchased the subject

12     vehicle.

13        52.     Indeed, Plaintiffs allege that Defendant knew that the Vehicle and its DPS6

14     transmission suffered from an inherent defect, was defective, would fail prematurely, and was

15     not suitable for its intended use.

16        53.     Defendant was under a duty to Plaintiffs to disclose the defective nature of the

17     Vehicle and its DPS6 transmission, its safety consequences and/or the associated repair costs

18     because:

19           a.     Defendant acquired its knowledge of the transmission defect and its

20        potential consequences prior to Plaintiffs acquiring the subject vehicle, though

21        sources not available to consumers such as Plaintiffs, including but not limited to

22        pre-production testing data, early consumer complaints about the transmission defect

23        made directly to Ford and its network of dealers, aggregate warranty data compiled

24        from Ford's network of dealers, testing conducted by Ford in response to these

25        complaints, as well as warranty repair and part replacements data received by Ford

26        from Ford's network of dealers, amongst other sources of internal information;

27

28

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

9

COMPLAINT; JURY TRIAL DEMANDED

EXHIBIT 2-22

Case 2:12-cv-08388-AB-FFM   Document 220-3   Filed 11/13/17   Page 24 of 40   Page ID
Case 2:17-cv-07369-AB-FFM   Document 15-28   Filed 10/09/17   Page 12 of 13   Page ID #:23
#:4528

b.     Defendant was in a superior position from various internal sources to know (or should have known) the true state of facts about the material defects contained in vehicles equipped with DPS6 transmission; and

c.     Plaintiffs could not reasonably have been expected to learn or discover of the Vehicle's transmission defect and its potential consequences until well after Plaintiffs purchased the Vehicle.

54.     In failing to disclose the defects in the Vehicle's DPS6 transmission, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

55.     The facts concealed or not disclosed by Defendant to Plaintiffs are material in that a reasonable person would have considered them to be important in deciding whether or not to purchase/lease the Vehicle. Had Plaintiffs known that the Vehicle and its transmission were defective at the time of sale, he would not have purchase the Vehicle.

56.     Plaintiffs are reasonable consumers who did not expect their transmission to fail and not work properly. Plaintiffs further expects and assumes that Defendant will not sell or lease vehicles with known material defects, including but not limited to those involving the vehicle's transmission and will disclose any such defect to its consumers before selling such vehicles.

57.     As a result of Defendant's misconduct, Plaintiffs have suffered and will continue to suffer actual damages.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

    a.   For Plaintiffs' actual damages in an amount according to proof;

    b.   For restitution;

    c.   For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

    d.   For any consequential and incidental damages;

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

10

EXHIBIT 2-23

e. For costs of the suit and Plaintiffs' reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

f. For punitive damages;

g. For prejudgment interest at the legal rate; and

h. For such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial on all causes of action asserted herein.

Dated: August 31, 2017                     STRATEGIC LEGAL PRACTICES, APC

BY:  _Gillian Mellon_

GILLIAN MELLON
Attorney for Plaintiffs MOHAMMED
ALTIKRITI and NOFAL ALTIKRITI

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

11

COMPLAINT; JURY TRIAL DEMANDED

EXHIBIT 2-24

Case 2:12-cv-08388-AB-FFM   Document 220-3   Filed 11/13/17   Page 26 of 40   Page ID
Case 2:17-cv-07369-AB-FFM   Document 45-30   Filed 10/09/17   Page 1 of 15   Page ID #:25
#:4530

# EXHIBIT A

## Answer

EXHIBIT 2-25



1    Alina Mooradian (#245470)
2    SNELL & WILMER L.L.P.
     600 Anton Blvd, Suite 1400
3    Costa Mesa, California 92626-7689
     Telephone:    714.427.7000
     Facsimile:     714.427.7799
4

5    Attorneys for Defendant
     FORD MOTOR COMPANY
6

7

8

9

10

11

12    MOHAMMED ALTIKRITI and NOFAL
     ALTIKRITI,
13

14        Plaintiffs,

15        v.

16    FORD MOTOR COMPANY, and DOES 1
     through 10, inclusive,
17

       Defendants.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 2 7 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

Case No. BC674645

Dept:      51
Judge:     Michael J. Raphael

**DEFENDANT FORD MOTOR
COMPANY'S ANSWER TO
PLAINTIFFS' COMPLAINT**

Complaint Filed:     September 1, 2017

18       Defendant FORD MOTOR COMPANY ("Ford"), for itself alone and for no other parties

19   hereby answers Plaintiffs MOHAMMED ALTIKRITI and NOFAL ALTIKRITI's ("Plaintiffs'"

20   Complaint ("Complaint") as follows:

21       Under the provisions of Code of Civil Procedure section 431.30, Ford denies, generall

22   and specifically, each and every allegation contained therein, and denies that Plaintiffs have o

23   will sustain damages in the sum or sums alleged, or in any other sum or sums, or at all.

24       Further answering the Complaint, and the whole thereof, including each and every caus

25   of action contained therein, Ford denies that Plaintiffs have or will sustain any injury, damage o

26   loss, if any, by reason of any act or omission, fault or negligence on the part of Ford, its agents

27   servants and employees, or any of them.

28

EXHIBIT 2-26

4823-0017-0064.1           FORD'S RESPONSE TO ALTIKRITI COMPLAINT

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1  ## SEPARATE AFFIRMATIVE DEFENSES

2  For further and separate answer to the Complaint and by way of affirmative defenses,

3  Ford alleges as follows:

4  ## FIRST AFFIRMATIVE DEFENSE

5  ### (Failure to State Cause of Action)

6  1.   Plaintiffs' Complaint, and each and every cause of action alleged therein, fails to

7  state facts sufficient to constitute a cause of action against Ford and Ford denies that Plaintiffs

8  were damaged in any sum or sums, or at all.

9  ## SECOND AFFIRMATIVE DEFENSE

10  ### (Statute of Limitations)

11  2.   Ford is informed and believes, and on that basis alleges, that some or all of

12  Plaintiffs' claims may be barred by the statute of limitations, including but not limited to

13  limitations contained within Commercial Code section 2725(1), Code of Civil Procedure sections

14  338(a), 338(d), 339(1), 339(3) and 340(a), and Civil Code section 1783.

15  ## THIRD AFFIRMATIVE DEFENSE

16  ### (Estoppel)

17  3.   Plaintiffs are estopped from obtaining the relief sought, or pursing any of the

18  claims raised or causes of actions contained in the Complaint, by virtue of their acts, failures to

19  act, conduct, representations, admissions, and the like.

20  ## FOURTH AFFIRMATIVE DEFENSE

21  ### (Waiver)

22  4.   Plaintiffs have waived her rights to the claims, causes of action and relief sought in

23  this Complaint against Ford, by virtue of their acts, failures to act, conduct, representations

24  admissions, and the like.

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANAHEIM BOULEVARD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

EXHIBIT 2-27

Case 2:12-cv-08388-AB-FFM   Document 220-3   Filed 11/13/17   Page 29 of 40   Page ID
Case 2:17-cv-07369-AB-FFM   Document 45-3   Filed 10/09/17   Page 4 of 15   Page ID #:28
#:4533

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5.      Plaintiffs have unreasonably delayed the commencement of this action to the prejudice of Ford. Therefore, the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

6.      Plaintiffs' causes of action have not accrued because Plaintiffs cannot establish that they suffered injury directly from the subject vehicle or products, and therefore Plaintiffs' contention that the subject vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

## SEVENTH AFFIRMATIVE DEFENSE

### (Vehicle Fit for Intended Purpose)

7.      Ford is informed and believes, and on that basis alleges, that the subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiffs are not entitled to relief for breach of the implied warranty of merchantability. *American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.

## EIGHTH AFFIRMATIVE DEFENSE

### (Duration of Implied Warranty)

8.      Ford is informed and believes, and on that basis alleges, that some or all of the alleged defects did not arise until more than three months had elapsed since the subject vehicle was sold to Plaintiffs. Accordingly, Plaintiffs are not entitled to relief for such concerns under the breach of the implied warranty of merchantability. Civil Code section 1795.5.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Maintenance and Other Exclusions)

9.      Ford is informed and believes, and on that basis alleges, that Plaintiffs or others may have improperly cared for and maintained the subject vehicle, and that some of Plaintiffs

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 3 -


EXHIBIT 2-28

1    concerns may have been proximately caused by such lack of maintenance of the subject vehicle

2    or products. Ford reserves the right to identify additional exclusions which may be applicable.

### TENTH AFFIRMATIVE DEFENSE

### (Unreasonable or Unauthorized Use of Vehicle)

       10.    Ford is informed and believes, and on that basis alleges, that some of Plaintiffs

concerns may be barred by Plaintiffs' unreasonable or unauthorized use of the vehicle. Civil

Code section 1794.3.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Timely Revocation of Acceptance)

       11.    Plaintiffs have no restitution remedy under breach of implied warranty because

there was no timely revocation of acceptance before a substantial change in the condition of the

goods.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Reasonable Number of Attempts to Repair Afforded)

       12.    The Complaint and, each and every cause of action therein, does not state facts

sufficient to meet the statutory presumption of a reasonable number of repair attempts under the

terms of the Civil Code section 1793.22(b).

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

       13.    The Complaint and, each and every cause of action therein, in whole, or in part,

are preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49

U.S.C. sections 30118 et seq.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Performance)

       14.    Prior to the commencement of this action, Ford fully performed, satisfied and

discharged all duties and obligations it may have owed to Plaintiffs arising out of any and all

agreements, representations or contracts made by it or on its behalf and this action is therefore

barred by the provisions of Civil Code section 1473.

EXHIBIT 2-29

- 4 -

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Abide by Terms of Warranty)**

15.     Claims by Plaintiffs of breach of warranty are barred because of Plaintiffs' failure to give timely and appropriate notice of any claim of breach of warranty.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Use Third-Party Dispute Resolution)**

16.     Ford makes available a qualified third-party dispute resolution process, and therefore, it is entitled to relief under certain provisions of the Song-Beverly Consumer Warranty Act.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

17.     Plaintiffs are barred from recovery, in whole or in part, on the ground that their claims are subject to the defense of accord and satisfaction.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith Evaluation)**

18.     At all times, Ford's evaluation of Plaintiffs' repurchase request has been in good faith, consequently, Plaintiffs have no claim for civil penalty for any alleged willful violation.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Improper CLRA Notice)**

19.     Ford is informed and believes, and on that basis alleges, that Plaintiffs failed to comply with the notice requirements to assert a cause of action for violation of the Consumer Legal Remedies Act.   Civil Code section 1782(a); *Outboard Marine Corporation v. Superior Court* (1975) 52 Cal.App.3d 30.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Doctrine of Equitable Abstention)**

20.     Plaintiffs' claims for injunctive relief are barred by the doctrine of equitable abstention.

EXHIBIT 2-30

SNELL & WILMER
L.L.P.
LAW OFFICES
6X PACIFIC CENTER SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

FORD'S ANSWER TO AL... COMPLAINT

4823-0017-0064.1

EXHIBIT 2-31

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Notify)

21.   Ford is informed and believes, and on that basis alleges, that Plaintiffs have failed to provide timely notice, within a reasonable period of time after discovery of their claims and alleged defects.   As a result, Ford has been damaged and prejudiced.   Therefore, the Complaint and each cause of action therein, is barred as a matter of law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Complete Performance)

22.   Ford has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Compliance with Laws)

23.   Ford has complied with all laws and regulations with regard to the subject matter of Plaintiffs' Complaint, and is therefore not liable to Plaintiffs for any damages they may have sustained, if any.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Good Faith)

24.   At all times relevant and material to this action, Ford acted reasonably and in good faith.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Independent Causes)

25.   The alleged injuries, damages or loss, if any, for which Plaintiffs seeks recovery, were the result of any causes independent of any purported acts or omissions on the part of Ford, or any of its agents, representatives or employees, thereby eliminating or reducing the alleged liability of Ford.

///

///

///

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BOULEVARD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Case 2:12-cv-08388-AB-FFM   Document 220-3   Filed 11/13/17   Page 33 of 40   Page ID
Case 2:17-cv-07369-AB-FFM   Document 45-7   Filed 10/09/17   Page 8 of 15   Page ID #:32
#:4537

SNELL & WILMER<br>L.L.P.<br>LAW OFFICES<br>600 ANTON BOULEVARD, SUITE 1400<br>COSTA MESA, CALIFORNIA 92626-7689

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Inspect)

26.     Ford alleges that Plaintiffs' damages, if any, may have been caused by the failure of third parties, unrelated to Ford, to properly inspect the subject vehicle or products, thereby eliminating or reducing the alleged liability of Ford.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Maintain)

27.     Ford alleges that any and all conditions in the subject vehicle or products described in the Complaint, if any, were solely a result of the failure to properly maintain and service the subject vehicle or products, thereby eliminating or reducing the alleged liability of Ford.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Breach)

28.     Ford alleges that it did not breach any duties to Plaintiffs, thereby barring and/or precluding Plaintiffs from recovery.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Affirmative Conduct)

29.     Ford alleges that there was no affirmative conduct on the part of Ford, which allegedly caused or contributed to Plaintiffs' alleged injuries and therefore Plaintiffs have no cause of action against Ford.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Substantial Factor)

30.     Ford alleges that negligence and other legal faults alleged in the Complaint against Ford, if any, were not a substantial factor in bringing about Plaintiffs' alleged injuries and, therefore, were not a contributing cause.

EXHIBIT 2-32

- 7 -

FORD'S ANSWER TO ALTIKRITI COMPLAINT
4823-0017-0064.1
EXHIBIT 2   233

- 8 -

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Excessive/Speculative Damages)

31.     Ford alleges that the damages allegedly sustained by Plaintiffs, if any, were

excessive, exaggerated, unreasonable, speculative, inflated or otherwise unnecessary and/or

unrelated to the alleged incident.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

32.     If Plaintiffs have suffered any loss, damage or injury, it was directly or

proximately caused by and is the result of Plaintiffs' conduct or their potential failure to mitigate

any such loss, damage or injury.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Disclaimer of Incidental and Consequential Damages)

33.     Ford is informed and believes, and on that basis alleges, that by the terms of the

limited warranty for the subject vehicle at issue, Ford is not liable for incidental or consequential

damages.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Civil Penalty)

34.     Ford is informed and believes, and on that basis alleges, that Plaintiffs are barred

from the recovery of a civil penalty by reason of Plaintiffs' failure to serve written notice

pursuant to Civil Code section 1794(e)(3).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Constitutionality of Punitive Damages)

35.     The claims of Plaintiffs are in contravention of Ford's rights under applicable

clauses of the United States and California Constitutions, including without limitation the

following provisions: (a) said claims constitute an impermissible burden on interstate commerce

in contravention of Article 1, Section 8 of the United States Constitution; (b) said claims

contravene the Excessive Fines Clause of the Eighth Amendment of the United States

Constitution; (c) said claims violate Ford's right to Due Process under the Fourteenth Amendment

SNELL & WILMER
L.L.P.
LAW OFFICES
ORANGE COUNTY
COSTA MESA, CALIFORNIA 92626

Case 2:12-cv-08388-AB-FFM  Document 220-3  Filed 11/13/17  Page 35 of 40  Page ID
Case 2:17-cv-07369-AB-FFM  Document 1-2  Filed 10/09/17  Page 10 of 15  Page ID #:34
#:4559

of the United States Constitution; (d) said claims contravene the constitutional prohibition against vague and overbroad laws; and (e) said claims contravene the Due Process Clause of the California Constitution.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages Improperly Pled/Not Recoverable)

36.    Ford is informed and believes, and on that basis alleges, that Plaintiffs have not properly pled a claim for punitive damages and these damages are not recoverable based on the facts contained in Plaintiffs' Complaint, or are otherwise barred by the provisions of California Civil Code sections 3294, 3295, and 3296, or such conduct was adopted, ratified or authorized by Ford under California Civil Code section 3294(b).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Impermissible For Extra-Territorial Conduct)

37.    Any award of punitive damages based on anything other than Ford's conduct in connection with the design, manufacture, and sale of the subject vehicle or products that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

38.    Ford is informed and believes, and on that basis alleges, that an award of punitive or exemplary damages to Plaintiffs would violate Ford's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, (1) any award of punitive or exemplary damages would be grossly out of proportion to the alleged wrongful conduct and purported injury at issue here; (2) there is no legitimate state interest in punishing the alleged wrongful conduct at issue here, or in deterring its possible repetition; (3) the alleged wrongful

- 9 -

EXHIBIT 2-34

Snell & Wilmer
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   conduct at issue here is lawful in other jurisdictions; (4) the alleged wrongful conduct at issue

2   here is not sufficiently reprehensible to warrant the imposition of any punitive or exemplary

3   damages; and (5) the criteria for the imposition of punitive or exemplary damage are

4   unconstitutionally vague and uncertain and fail to provide fair notice of what conduct will result

5   in the imposition of such damages.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Punitive Damages -- If Any -- Must Be Limited)

8       39.     Ford specifically incorporates by reference, as if fully set forth herein, any and all

9   standards or limitations regarding the determination and enforceability of punitive damages

10   awards as set forth in *State Farm Mutual Automobile Insurance Company v. Campbell* (2003) 123

11   S.Ct. 1513 and *BMW of North America v. Gore* (1996) 116 S. Ct. 1589.

### FORTIETH AFFIRMATIVE DEFENSE

### (Set Off)

14      40.     Ford alleges that if it is established that Ford is in any manner legally responsible

15   for any of the damages claimed by Plaintiffs, which is denied, Ford is entitled to a set off of these

16   damages, if any, that resulted from the wrongful acts of Plaintiffs or others.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Spoliation of Evidence)

19      41.     The subject vehicle or products identified in the Complaint that were allegedly

20   designed, manufactured and distributed by Ford are missing, have been modified or altered or are

21   no longer available for Ford's possession, which impacts Ford's defense in this case. Ford is

22   therefore entitled to relief from this spoliation, including appropriate jury instructions

23   admonitions and any other relief afforded by the Court.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (Fees and Costs)

26      42.     Ford is informed and believes, and on that basis alleges, that the Complaint was

27   brought without reasonable cause and without a good faith belief that there was a justifiable

28   controversy under the facts or the law which warranted the filing of the Complaint against Ford

- 10 -    EXHIBIT 2-35

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1  Plaintiffs should therefore be responsible for all of Ford's necessary and reasonable attorney's

2  fees and defense costs as permitted by California law.

3  ### FORTY-THIRD AFFIRMATIVE DEFENSE

4  #### (Improper Venue)

5  43.    Ford is informed and believes, and on that basis alleges, that the Complaint was

6  filed in an improper venue pursuant to California Code of Civil Procedure sections 430.10(a) and

7  397(a) and Los Angeles County is an improper venue.

8  ### FORTY-FOURTH AFFIRMATIVE DEFENSE

9  #### (Additional Affirmative Defenses)

10  44.    Ford reserves its rights to raise and plead additional or affirmative defenses which

11  might become known during the course of discovery, as well as to dismiss any defenses which, as

12  a result of discovery, are determined to be unsupported by good faith reliance upon either the

13  facts or the law, or a non-frivolous argument for the extension, modification, or reversal of

14  existing law or the establishment of new law.

15

16  ### PRAYER

17  WHEREFORE, Ford prays for the following relief:

18  1.    That Plaintiffs takes nothing by reason of their Complaint, and that this action be

19  dismissed in its entirety with prejudice;

20  2.    That judgment be entered in favor of Ford, on all causes of action;

21  3.    That Ford recover its costs of suit incurred herein as well as attorneys' fees to the

22  extent permitted by law; and

23  4.    That Ford be awarded such other and further relief as the Court may deem just and

24  proper.

25

26

27

28



EXHIBIT 2-36

- 11 -

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Dated: September 27, 2017

SNELL & WILMER L.L.P.

By: _____
Alina Mooradian
Attorneys for Defendant
FORD MOTOR COMPANY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

EXHIBIT 2-37

- 12 -

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 350 S. Grand Ave., Suite 3100, Los Angeles, California, 90071.

On September 27, 2017, I served, in the manner indicated below, the foregoing document described as **DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, addressed as follows:

☒    BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Los Angeles, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).]

☐    BY FACSIMILE: (C.C.P. § 1013(e)(f)).

☐    BY FEDERAL EXPRESS / OVERNITE EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐    BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

☐    BY E-MAIL: I caused such document to be served via e-mail to the below-referenced addressees.

********

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 27, 2017, at Los Angeles, California.

Rosanna Perez

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BOULEVARD, STE. 1400
COSTA MESA, CALIFORNIA 92626-7689

- 13 -

EXHIBIT 2-38

4823-0017-0064.1

FORD'S ANSWER TO ALTIKRITI COMPLAINT

## SERVICE LIST

*Mohammed Altikriti and Nofal Altikriti v. Ford Motor Company*
Los Angeles Superior Court Case No.: BC674645

Jacob Cutler
Gillian Mellon
STRATEGIC LEGAL PRACTICES, APC
1840 Century Park East, Suite 430
Los Angeles, CA 90067

**ATTORNEYS FOR PLAINTIFFS**

Telephone: (310) 929-4900
Facsimile: (310) 943-3838

jcutler@slpattorney.com
gmellon@slpattorney.com

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BOULEVARD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

EXHIBIT 239

- 14 -

4823-0017-0064.1

FORD'S ANSWER TO ALTIKRITI COMPLAINT