UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 12-08388-AB (FFMx) | Date: December 15, 2017 |

Title: *Omar Vargas, et al. v. Ford Motor Company*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER (1) **DENYING** EX PARTE APPLICATION [Dkt. No. 232] AND (2) **DENYING** MOTION TO INVALIDATE OPT-OUTS [Dkt. No. 188]

Before the Court is the Opt-Outs' Ex Parte Application to Enforce Appellate State (Dkt. No. 232) and Ford Motor Company's ("Ford") Motion to Invalidate Opt-Outs (Dkt. No. 188).

The ex parte application is **DENIED**. The Opt-Outs ask the Court to decline to rule on Ford's Motion on the ground that the Court's order granting final certification of the class action settlement in this case is now on appeal, thus divesting the Court of jurisdiction. But whether the opt-outs should be invalidated is an ancillary post-judgment issue that is best resolved now rather than after the appeal is concluded.

Ford's Motion to Invalidate Opt-Outs is also **DENIED**. Ford asks the Court to invalidate the opt-outs of 12,000 class members represented by the Stern Law Firm and the Liblang Law Firm ("Lawyers"). Ford argues that the Lawyers engaged in a misleading

campaign to solicit the opt outs. Ford points to a website (fordtrasmissionproblems.com) and several videos that it claims are misleading and deceptive attorney advertising urging class members to opt out of the settlement. Ford argues that had the opt-outs not been exposed to this misleading advertising, they might not have opted out. To remedy the misleading advertising, Ford asks the Court to invalidate all these opt-outs, send them a corrective notice (that Ford drafted), and establish a second 60-day opt-out period for them. Any class member who still wants to opt out after receiving the corrective notice can do so; otherwise, they will be in the class and will be bound by the settlement.

Having carefully reviewed the attorney advertising in issue, the Court concludes that although some of the statements perhaps approached being misleading, they did not cross that line. The objected-to statements were matters of opinion and professional judgment. In addition, it appears that a video released on August 11, 2017 is the advertising that Ford finds most objectionable; however, most of the 12,000 class members opted out before that date so that video could not have influenced them. Finally, these advertisements consisted of much more than just the statements Ford objects to, and the advertisements were passive and not direct solicitations to class members individually. As such, even if the objected-to statements crossed the line, whether they likely influenced class members is a matter of pure speculation. Ultimately, Ford's proposed remedy of invalidating 12,000 opt-outs—thereby binding them to the settlement unless they complete the opt-out process for a second time—is not warranted by the facts presented to the Court. Ford's motion is therefore **DENIED**.

**IT IS SO ORDERED.**