UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-8388 AB (FFMx) | Date | April 2, 2018 |
| Title | VARGAS, et al. v. FORD MOTOR COMPANY | | |

Present: The Honorable   Frederick F. Mumm, United States Magistrate Judge

| James Munoz | | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not present | Not present |

**Proceedings:**   **ORDER ON MOTION TO COMPEL DEPOSITIONS OF OBJECTORS**

On March 9, 2018, Plaintiffs filed a motion to compel the attendance at deposition of objectors Brenda Lott, Suzanne Lutz, Carlie Olivant, Gail Slomine, and Philip Woloszyn ("Objectors"). On March 15, 2018, the Court took the hearing, scheduled for April 3, 2018, off calendar. After reviewing the documents filed in connection with the motion, including the supplements to the motion filed on March 20, 2018 by plaintiffs and on March 21, 2018 by Objectors,[1] the Court GRANTS the motion in part.

Plaintiffs seek to take the depositions of Objectors (1) to obligate them "to confirm, under oath, that they actually understand the Settlement and its benefits to the Class and can articulate for themselves the underlying [] bases for their objections"; and (2) to enable plaintiffs' "to understand the underlying objections." Joint Stipulation at 3-4 (Dkt No. 247.)

Objectors argue that (1) because the Objections were overruled and they have filed a notice of appeal the Court does not have jurisdiction over the matter; (2) plaintiffs should have had subpoenas issued from the appropriate court in the district where Objectors reside; (3) the depositions would serve no legitimate purpose; and (4) the depositions would have an undue chilling effect on future objectors to class action settlements.

The parties have cited district court decisions finding that post appeal depositions of objectors are permissible and appropriate and that post appeal depositions of objectors are neither permissible nor appropriate.

Because the objections were overruled and the matter is now on appeal, it is difficult to discern the relevance of having Objectors "confirm, under oath, that they actually understand the Settlement and its benefits to the Class and can articulate for

---

[1] The Court DENIES plaintiff's motion to strike Objectors belatedly filed supplement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-8388 AB (FFMx) | Date | April 2, 2018 |
| Title | VARGAS, et al. v. FORD MOTOR COMPANY | | |

themselves the underlying [] bases for their objections." Similarly, plaintiffs have not explained why a better understanding of the objections would have value at this point, given that the briefing at the trial level and Court of Appeals has been completed.

  The Court notes that currently pending before the District Court is a motion to require Objectors to post a bond. To the extent that any of Objectors files a new declaration (*i.e.*, a declaration that has not previously been filed in this case) in opposition to the pending motion, plaintiffs should have an opportunity to cross-examine the declarant as to matters asserted in the declaration. However, such deposition must take place within the district where the objector resides and be limited to two hours for plaintiff's cross examination. To that extent only, the motion is GRANTED.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | | JM |