Michael T. Kirkpatrick (admitted *pro hac vice*)
mkirkpatrick@citizen.org
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

David J. Gorberg (admitted *pro hac vice*)
david@mylemon.com
David J. Gorberg And Associates
103 Sibley Avenue
Ardmore, PA 19003
(215) 665-7660

Attorneys for the Lott Objectors

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| OMAR VARGAS, ROBERT BERTONE, MICHELLE HARRIS, and SHARON HEBERLING, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No. 2:12-cv-08388-AB-FFMx <br> Hon. Judge André Birotte Jr. <br><br> **LOTT OBJECTORS' OPPOSITION TO PLAINTIFFS' MOTION FOR APPELLATE BOND** <br><br> Date: May 4, 2018 <br><br> Time: 10:00am <br><br> Place: Courtroom 7B |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... iii

INTRODUCTION ................................................................................................... 1

BACKGROUND ..................................................................................................... 2

ARGUMENT .......................................................................................................... 3

I.     Only Recoverable Costs Can be Included in a Rule 7 Bond. ......................... 3

     A.    The taxable costs potentially available to the settling plaintiffs under Rule 39 would be $75.20. .................................................................. 4

     B.    Increased settlement administration expenses cannot be included in a Rule 7 bond because there is no statutory authority for imposing such costs. .......................................................................................... 6

     C.    Lost interest on settlement benefits cannot be included in a Rule 7 bond because no statute authorizes imposing such costs on objectors who appeal the approval of a class settlement. .................................... 8

     D.    An appeal bond should not be used to deter objectors from seeking appellate review. ................................................................................ 11

II.    No Appeal Bond is Necessary to Ensure Payment of $75.20 in Taxable Costs. .......................................................................................... 15

CONCLUSION ..................................................................................................... 16

CASE NO. 2:12-CV-08388-AB-FFMx

LOTT OBJECTORS' OPPOSITION TO PLAINTIFFS' MOTION FOR APPELLATE BOND

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*In re American President Lines, Inc.*,

    779 F.2d 714 (D.C. Cir. 1985) ...................................................................... 11

*Azizian v. Federated Department Stores, Inc.*,

    499 F.3d 950 (9th Cir. 2007) ............................................................ 1, 3, 6, 10, 11

*Batista v. Nissan North America, Inc.*,

    No. 14-24728 (S.D. Fla. Oct. 23, 2017) ........................................................ 11

*Bell Atlantic Corp. v. Bolger*,

    2 F.3d 1304 (3d Cir. 1993) ............................................................................ 12

*In re Cardizem CD Antitrust Litigation*,

    391 F.3d 812 (6th Cir. 2004) ............................................................................ 8

*Clark v. Universal Builders, Inc.*,

    501 F.2d 324 (7th Cir. 1974) ........................................................................ 12

*Dennings v. Clearwire Corporation*,

    928 F. Supp. 2d 1270 (W.D. Wash. 2013) ...................................................... 8

*Devlin v. Scardelletti*,

    536 U.S. 1 (2002) .......................................................................................... 14

*Embry v. ACER America Corp.*,

    2012 WL 2055030 (N.D. Cal. Jun. 5, 2012) ................................................ 10

*Eubank v. Pella Corp.*,

    753 F.3d 718 (7th Cir. 2014) .......................................................................... 12

*Fleury v. Richemont North America, Inc.*,

    2008 WL 4680033 (N.D. Cal. Oct. 21, 2008) .................................... 1, 10, 15

*In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability*

    *Litigation*,

    55 F.3d 768 (3d Cir. 1995) ............................................................................ 12

*In re Hyundai & Kia Fuel Economy Litigation*,

    881 F.3d 679 (9th Cir. 2018) ......................................................................... 16

*In re Korean Air Lines Co., Ltd., Antitrust Litigation*,

    2014 WL 12708936 (C.D. Cal. Jul. 24, 2014) ............................................... 7

*Lane v. Facebook, Inc.*,

    696 F.3d 811 (9th Cir. 2012) ......................................................................... 12

*Low v. Trump University, LLC*,

    881 F.3d 1111 (9th Cir. 2018) ....................................................................... 14

*Low v. Trump University, LLC*,

    2017 WL 2655300 (S.D. Cal. Jun. 19, 2017) ................................................. 7

*In re Magsafe Apple Power Adapter Litigation*,

    571 Fed. App'x 560 (9th Cir. 2014) ....................................................... 1, 4, 7

*NASDAQ Market-Makers Antitrust Litigation*,

    187 F.R.D. 124 (S.D.N.Y. 1999) ..................................................................... 8

*In re Netflix Privacy Litigation,*

    2013 WL 6173772 (N.D. Cal. Nov. 25, 2013) ................................................. 8

*Ortiz v. Fibreboard Corp.,*

    527 U.S. 815 (1999) ....................................................................................... 13

*Phillips Petroleum Co. v. Shutts,*

    472 U.S. 797 (1985) ....................................................................................... 13

*Redman v. RadioShack Corp.,*

    768 F.3d 622 (7th Cir. 2014) .......................................................................... 13

*Schulken v. Washington Mutual Bank,*

    2013 WL 1345716 (N.D. Cal. Apr. 2, 2013) ............................................. 7, 15

*In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales*

    *Practices, & Products Liability Litigation,*

    2013 WL 5775118 (C.D. Cal. Oct. 21, 2013) .................................................. 7

*Vaughn v. American Honda Motor Co.,*

    507 F.3d 295 (5 th Cir. 2007) ...................................................................... 9, 12

**RULES**

Fed. R. App. P. 7 .................................................................................... 3, 6, 8, 10, 11

Fed. R. App. P. 39 ................................................................................................... 3

Fed. R. App. P. 39(c) .............................................................................................. 4

Fed. R. App. P. 39(e) .............................................................................................. 4

Ninth Cir. R. 30-1.4 ................................................................................................ 5

Ninth Cir. R. 30-1.5 ................................................................................5

Ninth Cir. R. 39-1 ...................................................................................1

Ninth Cir. R. 39-1.2 ................................................................................4

Ninth Cir. R. 39-1.3 ................................................................................5

LOTT OBJECTORS' OPPOSITION TO PLAINTIFFS' MOTION FOR APPELLATE BOND

1

## INTRODUCTION

2    The Court should deny class counsel's motion to impose an appeal bond on

3   Objectors Brenda Lott, Suzanne Lutz, Carlie Olivant, Gail Slomine, and Philip

4   Woloszyn (the Lott Objectors). Class counsel seek a bond of $474,574.40,

5   consisting of $300 in taxable costs for printing plaintiffs' appellate brief, $14,000

6   for increased settlement administration expenses, and $460,274.40 for interest on

7   the cash payment provisions of the settlement. As a matter of law, only the first

8   category can properly be included in an appeal bond, and pursuant to Ninth Circuit

9   Rule 39-1, the maximum taxable cost for printing plaintiffs' appellate brief is

10   $75.20. No appeal bond is warranted for such a minimal amount.

11    The purpose of an appeal bond is to protect an appellee from the risk of

12   nonpayment of costs that may be awarded if the judgment is affirmed. *See Fleury*

13   *v. Richemont N. Am., Inc.*, 2008 WL 4680033, *6 (N.D. Cal. Oct. 21, 2008). It is

14   axiomatic that an appeal bond cannot include amounts that are not recoverable

15   from appellants. Administrative costs and interest cannot be included in an appeal

16   bond because no statute or rule authorizes an award of such amounts against the

17   Lott Objectors no matter the outcome of the appeal. *See Azizian v. Federated*

18   *Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007); *see also In re Magsafe*

19   *Apple Power Adapter Litig.*, 571 Fed. App'x 560, 563 (9th Cir. 2014).

20   Accordingly, class counsel's motion should be denied.

21

**BACKGROUND**

In this class action, plaintiffs alleged that Ford Motor Company fraudulently concealed and denied the existence of a transmission defect that cannot be cured, injuring a class of 1.9 million current and former owners of 1.5 million defective cars. The Lott Objectors are five of fifteen class members who submitted objections to final approval of a proposed settlement. In their objections and at the fairness hearing, the Lott Objectors urged this Court to deny final approval because the settlement agreement benefits Ford (a windfall release of liability with no guaranteed payout to the class), class counsel (about $9 million in attorneys' fees and costs under a "clear-sailing" agreement), and the representative plaintiffs (incentive awards of up to $10,000), but provides little or no benefit to absent class members in exchange for the release of valuable claims.

Only an estimated six percent of the class is currently eligible to seek cash payments, and only about two percent of the class is immediately eligible to use the settlement's arbitration program to attempt to force Ford to buy back their defective cars. The settling parties have offered no reliable estimate of whether, or how many, additional class members will become eligible to seek relief in the future. The half million former owners included in the class certainly will not. Nevertheless, the settlement releases the claims of everyone who bought or leased a car with the defective transmission, unless they excluded themselves by opting out or filing their own lawsuit. The released claims are indisputably valuable,

1    particularly for class members in states like California that have robust consumer-

2    protection statutes. Indeed, Ford routinely offers to settle individual cases alleging

3    the same claims made here for more than $75,000 each.

4         On October 18, 2017, this Court issued orders overruling the objections,

5    granting final approval and entering judgment, and granting plaintiffs' motion for

6    attorneys' fees, costs, and service awards. The Lott Objectors filed their notice of

7    appeal on November 14, 2017. Another objector, James DeBolt, also appealed.

8    The Ninth Circuit granted class counsel's unopposed motion to consolidate and

9    expedite the appeals, and both appeals have been fully briefed since March 9,

10   2018. Oral argument is not yet scheduled.

11                                **ARGUMENT**

12   **I.    Only Recoverable Costs Can be Included in a Rule 7 Bond.**

13        Federal Rule of Appellate Procedure 7 provides that "[i]n a civil case, the

14   district court may require an appellant to file a bond or provide other security in

15   any form and amount necessary to ensure payment of costs on appeal." In the

16   Ninth Circuit, it is well-settled that a Rule 7 bond may only include amounts that a

17   successful appellee would be entitled to recover from a losing appellant. *See*

18   *Azizian*, 499 F.3d at 958–60. Such amounts include only the costs specified in

19   Federal Rule of Appellate Procedure 39, unless a rule or statute explicitly provides

20   for recovery of additional amounts. *Id.* As the Ninth Circuit has further explained:

21

1       A district court may always include in an appeal bond the costs

2       specified in Fed. R. App. P. 39. Yet these costs rarely exceed a few

3       hundred dollars when taxed against an appellant. The district court

4       may not include in an appeal bond any expenses beyond those

5       referenced in Fed. R. App. P. 39 unless such expenses may be shifted

6       pursuant to another statute.

7 *Magsafe*, 571 Fed. App'x at 563.

8       In their motion, class counsel fail to identify any rule or statute that would

9 allow the settling plaintiffs to recover from the Lott Objectors anything other than

10 the minimal cost of producing the required copies of plaintiffs' appellate brief.

11 Thus, class counsel's motion should be denied.

12     **A.**    **The taxable costs potentially available to the settling plaintiffs**

13           **under Rule 39 would be $75.20.**

14       Class counsel seek a bond that includes "the anticipated $300 for ordinary

15 costs of appeal under Fed. R. App. P. 39(c) & (e)," Pl. Mot. at 6. A bond in the

16 amount of $300 should be denied.

17       As an initial matter, Rule 39(e) is inapposite because plaintiffs did not incur

18 any of the costs listed in that subpart of the rule.

19       With regard to Rule 39(c), the Ninth Circuit has set by local rule the

20 maximum rate that can be taxed for producing necessary copies of a brief. Ninth

21 Circuit Rule 39-1.2 provides that "[c]osts will be allowed for the required number

1   of paper copies of briefs and one additional copy." Plaintiffs were required to

2   submit seven paper copies of their brief. Their brief is 94 pages. "In taxing costs

3   for photocopying documents, the clerk shall tax costs at a rate not to exceed 10

4   cents per page, or at actual cost, whichever is less." 9th Cir. R. 39-1.3. Thus, the

5   maximum taxable cost for printing plaintiffs' appellate brief is $75.20 (8 briefs x

6   94 pages x $0.10 = $75.20).

7        Class counsel do not indicate how they arrived at the $300 figure they

8   request, and that amount is unsupported by the relevant rule. To the extent class

9   counsel seek to add to the $75.20 the costs associated with printing supplemental

10   excerpts of record, the request should be denied. First, the supplemental excerpts

11   of record were submitted by Ford, not by plaintiffs. *See* Order of Feb. 26, 2018

12   (App. Dkt. Entry No. 31). Second, the Lott Objectors produced and submitted

13   excerpts of record containing all the material required by Circuit Rule 30-1.4. The

14   settling parties jointly produced supplemental excerpts of record totaling 641

15   pages, consisting almost entirely of the briefing in the district court. Circuit Rule

16   30-1.5, however, states clearly that the "excerpts of record shall not include briefs

17   or other memoranda of law filed in the district court." Thus, the cost of producing

18   the settling parties' supplemental excerpts of record was unnecessary and contrary

19   to the Rule, and will not be recoverable.

20

21

**B.    Increased settlement administration expenses cannot be included in a Rule 7 bond because there is no statutory authority for imposing such costs.**

Class counsel seek a bond that includes "$14,000 for the additional costs of settlement administration" caused by the Lott Objectors' appeal. Pl. Mot. at 6. This request should be denied for two reasons.

First, class counsel submitted no evidence in support of their assertion that the delay in beginning the processing of claims has caused the Claims Administrator to spend an additional $1,750 a month "answering calls from Class Members regarding the status of the case." *Id.* at 7. Instead, class counsel estimated the figure by averaging the amounts claimed for such expenses in two unrelated cases. *Id.* In any event, increased expenses of settlement administration will cost class counsel nothing, because under the terms of the settlement, Ford "will bear all costs and expenses related to the administration of the Settlement." Settlement Agreement at 33, Doc. 121-1. Because, as a matter of fact, class counsel will incur no additional settlement administration expenses as a result of the Lott Objectors' appeal, they are not entitled to an appeal bond that includes such amounts.

Second, as a matter of law, a Rule 7 bond cannot include any expenses beyond those referenced in Federal Rule of Appellate Procedure 39 unless such expenses may be shifted pursuant to another statute. *Azizian*, 499 F.3d at 958–60;

*see also Magsafe*, 571 Fed. App'x at 563. No statute, however, authorizes an appeal bond for the costs of increased settlement administration pending an appeal of a class action settlement. In the absence of such authority, such expenses cannot be included in a Rule 7 bond. *See, e.g.*, *Low v. Trump Univ., LLC*, 2017 WL 2655300, *4–*5 (S.D. Cal. Jun. 19, 2017) (declining to include settlement administration costs in an objector's appeal bond because plaintiffs failed to identify an applicable statute "as required by *Azizian*"); *In re Korean Air Lines Co., Ltd., Antitrust Litig.*, 2014 WL 12708936, *2 (C.D. Cal. Jul. 24, 2014) (citing *Magsafe* and declining to include in an appeal bond "the additional costs incurred by the claims administrator as a result of the delay brought on by the Objectors' appeal"); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 2013 WL 5775118, at *3 (C.D. Cal. Oct. 21, 2013) ("[T]he Court concludes that application of *Azizian* in this case precludes inclusion of increased settlement administration costs in the amount of a bond imposed on appeal."); *Schulken v. Wash. Mut. Bank*, 2013 WL 1345716, *7 (N.D. Cal. Apr. 2, 2013) ("Under *Azizian*, it is clear that this Court may include" administrative costs of delaying settlement in an appeal bond only if "an applicable rule or statute defines them as 'costs.'").

Class counsel cites four cases in which courts included settlement administration expenses in a Rule 7 bond, but all four predate the Ninth Circuit's decision in *Magsafe*, which clarified its decision in *Azizian*. Three of the decisions

1    cited by class counsel, *In re Netflix Privacy Litigation*, 2013 WL 6173772, *4

2    (N.D. Cal. Nov. 25, 2013), *Dennings v. Clearwire Corporation*, 928 F. Supp. 2d

3    1270, 1272 (W.D. Wash. 2013), and *In re NASDAQ Market-Makers Antitrust*

4    *Litigation*, 187 F.R.D. 124, 128 (S.D.N.Y. 1999), did not analyze whether such

5    costs would be recoverable by appellees from a losing objector and did not

6    identify any rule or statute authorizing the recovery of such costs. Thus, those

7    decisions are contrary to the law of the Ninth Circuit. The fourth case cited by

8    class counsel, *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812, 817–18 (6th

9    Cir. 2004), supports the Lott Objectors. There, the Sixth Circuit approved an

10   appeal bond that included administrative costs because the objector was a plaintiff

11   who had brought her own case under a Tennessee statute that specifically provided

12   that damages were available to prevailing defendants, and the court found that

13   such damages included administrative costs. Thus, the Sixth Circuit concluded

14   that "the underlying statute was sufficient to inform the definition of 'costs' under

15   Fed. R. App. P. 7." *Id.* at 818. Here, there is no underlying statute by which

16   plaintiffs can recover administrative costs from the non-party Lott Objectors.

17        **C.    Lost interest on settlement benefits cannot be included in a Rule 7**

18             **bond because no statute authorizes imposing such costs on**

19             **objectors who appeal the approval of a class settlement.**

20        Class counsel seeks a bond that includes "$460,274.40 for interest on the

21   delay in disbursing the settlement fund," Pl. Mot. at 6, but there is no settlement

fund in this case. Rather, this is a claims-made settlement with no dedicated fund to compensate the class. And although class counsel estimate the value of the settlement at $35 million, class members who are eligible for cash payments will get set amounts ranging from $50 to $2,325, depending on the number and type of service visits for transmission repairs. The settlement agreement has no provision for increasing such payments to account for interest. Class counsel's request thus does not correlate with the settlement agreement they negotiated.[1]

In this way, this case is on all fours with *Vaughn v. American Honda Motor Co.*, 507 F.3d 295 (5th Cir. 2007). There, the court held that an appeal bond improperly included costs attributable to delay because, as here, the settlement did not provide for pre-judgment interest. The court explained that "the costs of delay are adequately captured by the settlement. The settlement agreement makes no provision for the payment of pre-judgment interest on the benefits Honda has agreed to pay, and the settlement does not become effective, by its terms, until any appeals are concluded." *Id.* at 299. The same is true here. *See* Settlement Agreement, Doc. 121-1 at 7–8 (defining "Effective Date of Settlement" as the first business day after all appeals "have been fully disposed of in a manner that affirms the Final Approval Order.").

---

[1] Class counsel bases their interest calculation on a declaration from a valuation expert who opined that that the primary benefit of the settlement—cash payments for three or more transmission hardware replacements—has a current value of about $35 million assuming a 100 percent claims rate. Because claims rates are typically less than ten percent, a more realistic valuation of the cash payment provision is about $3.5 million. *See* Lott Objectors' Opening Brief at 22–23; Lott Objectors' Reply Brief at 8–11.

1   More importantly, interest on the cash payment provisions of the settlement

2   cannot be included in an appeal bond for the same reason explained above with

3   regard to settlement administration expenses: No statutory authority defines

4   interest as a "cost" for purposes of Rule 7. Under *Azizian*, a bond cannot be

5   imposed for costs that cannot be taxed against appellants if they lose on appeal,

6   499 F.3d at 959, and the Lott Objectors will not be liable for interest on the delay

7   in distributing the benefits of the settlement no matter the outcome of their appeal.

8   Class counsel's failure to identify a rule or statute that would render the Lott

9   Objectors responsible for interest is dispositive of the question whether a bond

10   may include such amounts. Indeed, several district court opinions in the Ninth

11   Circuit—including some of the cases on which class counsel rely elsewhere in

12   their motion—hold that appeal bonds may *not* include delay damages. *See, e.g.*,

13   *Embry v. ACER Am. Corp.*, 2012 WL 2055030, at *2 (N.D. Cal. Jun. 5, 2012)

14   (holding that damages resulting "from the delay in class members obtaining relief

15   cause by Objector's appeal … may not be required as part of a bond"); *Fleury*,

16   2008 WL 4680033, at *8 (declining to include in an appeal bond any amount for

17   harm to the class from the delayed implementation of the settlement because,

18   under *Azizian*, "F.R.A.P. 7 authorizes a bond only to cover 'costs' on appeal as

19   expressly defined by rule or statute" and settling plaintiffs had "cited no statute or

20   rule defining such delay damages as 'costs'").

21

**D.      An appeal bond should not be used to deter objectors from seeking appellate review.**

Class counsel cannot cite a rule or statute that would render the Lott Objectors responsible for delay damages as required in the Ninth Circuit to include such amounts in an appeal bond. Instead, class counsel cites an unreported order in *Batista v. Nissan North America, Inc.*, No. 14-24728 (S.D. Fla. Oct. 23, 2017), imposing an appeal bond that included delay damages to discourage appeals by class action objectors. Class counsel urge this Court to do the same as a means of punishing the Lott Objectors, arguing that they "should bear some cost for harming Class Members, and a bond in the amount of $474,574.40 for Objectors should be ordered." Pl. Mot. at 9.

Not only should the bond motion be rejected on the merits for the reasons explained above, but this Court should reject the improper use of a Rule 7 bond to deter appeals: "Allowing districts court to impose high Rule 7 bonds where the appeals *might* be found frivolous risks impermissibly encumbering appellants' right to appeal." *Azizian*, 499 F.3d at 961 (citation, internal quotation marks, and source's alteration marks omitted); *accord In re Am. President Lines, Inc.*, 779 F.2d 714, 718 (D.C. Cir. 1985) ("While, in the federal scheme, appeals found to be frivolous cannot command judicial respect, those possessing merit are normally a matter of right. Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right." (footnotes omitted));

1   *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("[A]ny

2   attempt by a court at preventing an appeal is unwarranted and cannot be

3   tolerated."); *see also Vaughn*, 507 F.3d at 300 (cautioning that "imposing too great

4   a burden on an objector's right to appeal may discourage meritorious appeals or

5   tend to insulate a district court's judgment in approving a class settlement from

6   appellate review" (footnote omitted)).

7       The availability of an appeal is particularly important for class action

8   objectors, who play a crucial role in the settlement process by speaking for absent

9   class members and ensuring adversarial presentation of issues. "Objectors provide

10  a critically valuable service of providing knowledge from a different point of

11  view." *Lane v. Facebook, Inc.*, 696 F.3d 811, 830 (9th Cir. 2012) (Kleinfeld, J.

12  dissenting); *see Eubank v. Pella Corp.*, 753 F.3d 718, 721 (7th Cir. 2014)

13  (praising objectors because "without them there would have been no appellate

14  challenge to the settlement"); *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1310 (3d Cir.

15  1993) ("In seeking court approval of their settlement proposal, plaintiffs'

16  attorneys' and defendants' interests coalesce and mutual interest may result in

17  mutual indulgence. The parties can be expected to spotlight the proposal's

18  strengths and slight its defects. In such circumstances, objectors play an important

19  role by giving courts access to information on the settlement's merits." (citation

20  omitted)); *see also In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods.*

21  *Liab. Litig.*, 55 F.3d 768, 789 (3d Cir. 1995) (noting, in the context of a settlement

class, that when "the issue of certification is never actively contested, the judge never receives the benefit of the adversarial process"); *see generally Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 847 (1999) (recognizing that "in settlement-only class actions the procedural protections built into the Rule to protect the rights of absent class members are never invoked in an adversarial setting"). "When there are objecting class members, the judge's task is eased because he or she has the benefit of an adversary process: objectors versus settlors (that is, versus class counsel and the defendant)." *Redman v. RadioShack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014).

Importantly, absent class members' right to object is constitutionally protected. To satisfy due process standards, courts are required to afford absent class members notice and an opportunity to be heard and participate in the litigation. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985). Indeed, the very legitimacy of binding absent class members through a class action settlement depends on their opportunity to participate fully in the settlement, including by appealing it:

> Nonnamed class members are parties to the proceedings in the sense of being bound by the settlement. It is this feature of class action litigation that requires that class members be allowed to appeal the approval of a settlement when they have objected at the fairness hearing. To hold otherwise would deprive nonnamed class members

1   of the power to preserve their own interests in a settlement that will
2   ultimately bind them, despite their expressed objections before the
3   trial court.

4   *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002).

5   In support of their argument that exorbitant appeal bonds should be used to
6   deter objectors' continued participation in litigation over class action settlements,
7   class counsel argues that the objections may have been lawyer-driven because one
8   of the Lott Objectors' lawyers, David Gorberg, represented objectors in the
9   *Batista* case and argued there that, under the circumstances of that case, a class
10  action was not superior to individual litigation to fairly and efficiently adjudicate
11  the controversy, in part because of the availability of lawyers, including Mr.
12  Gorberg, willing to take individual cases on a contingency basis. Pl. Mot. at 8.
13  Counsel's role in that unrelated case provides no sound reason to impose an
14  appeal bond here. Objections must be judged on their merits, not on speculation
15  about counsel's motivation for representing the clients. As the Ninth Circuit
16  recently observed in an appeal by an objector to a class action settlement, whether
17  an argument is "attorney-manufactured" is irrelevant: "[O]ur court would have
18  little work to do without creative arguments 'manufactured' by zealous attorney
19  advocates." *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1120 n.4 (9th Cir. 2018).

20  The use of appeal bonds to chill the pursuit of legitimate, good-faith appeals
21  is a practice that this Court should emphatically discourage.

## II.    No Appeal Bond is Necessary to Ensure Payment of $75.20 in Taxable Costs.

As explained above, the maximum taxable cost for printing plaintiffs' appellate brief is $75.20. That amount is all that the Court could properly include in an appeal bond because no statute or rule authorizes an award of administrative costs or interest against the Lott Objectors no matter the outcome of the appeal.

In the Ninth Circuit, courts consider three primary factors to determine entitlement to a bond: (1) the appellants' financial ability to post a bond; (2) the risk of non-payment if the appeal fails; and (3) the merits of the appeal. *Schulken*, 2013 WL 1345716, at *4; *accord Fleury*, 2008 WL 4680033, at *7. Even where such factors indicate that a bond *can* be imposed, *whether* to order a bond is within the Court's discretion.

Here, the Court should not order a bond, even though appellants have the financial ability to pay $75.20, because the amount is not significant and the risk of non-payment is negligible.

With regard to the third factor, class counsel argues that the standard is met in *every* case where an objector appeals from the final approval of a class action settlement, because "the district court has already considered and overruled the objections." Pl. Mot. at 5. According to class counsel, because "[t]his Court has already determined that Objectors' arguments are without merit," *id.*, the third factor is satisfied. Class counsel's assumption that a loss in this Court implies the

1    total absence of any potential merit is untenable. If merely losing before a district

2    court made an appeal bond appropriate, then appeal bonds would be the norm—

3    sharply curtailing access to the appellate process and reducing the number of

4    issues on which the appeals courts have the opportunity to provide legal guidance.

5          Respectfully, this Court's determination that the settlement warranted final

6    approval is open to reasonable debate. Rather than rehearse all of their appellate

7    arguments here, the Lott Objectors refer the Court to their opening and reply briefs

8    filed in the Ninth Circuit to judge whether the appeal has merit. Through the

9    appellate briefing process, the arguments on both sides have become more

10   developed since the time of the fairness hearing, and even a cursory review of the

11   appellate briefs shows that there are legitimate disputes regarding the adequacy of

12   the settlement. Indeed, both the revelation that Ford routinely offers California

13   residents more than $75,000 each to settle individual cases asserting the same

14   claims released by the settlement here, and a subsequent Ninth Circuit decision

15   rejecting a class action settlement in a case alleging consumer-protection claims

16   against an automobile manufacturer, *see In re Hyundai & Kia Fuel Econ. Litig.*,

17   881 F.3d 679 (9th Cir. 2018), have strengthened the Lott Objectors' position. But

18   regardless of who may ultimately prevail in the Ninth Circuit, an appeal bond to

19   cover class counsel's printing costs is unnecessary.

20                                    **CONCLUSION**

21         The motion to impose an appeal bond should be denied.

CASE NO. 2:12-CV-08388-AB-FFMx

1   Dated:  April 12, 2018                    Respectfully submitted,

2

3                                             /s/ Michael T. Kirkpatrick
                                              Michael T. Kirkpatrick (admitted *PHV*)
                                              Public Citizen Litigation Group
4                                             1600 20th Street NW
                                              Washington, DC 20009

5                                             David J. Gorberg (admitted *PHV*)
                                              David J. Gorberg And Associates
6                                             103 Sibley Avenue
                                              Ardmore, PA 19003

7                                             Attorneys for the Lott Objectors

8

9

10

11

12

13

14

15

16

17

18

19

20

21

LOTT OBJECTORS' OPPOSITION TO PLAINTIFFS' MOTION FOR APPELLATE BOND