UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 12-08388-AB (FFMx) | Date: May 1, 2018 |

Title: *Omar Vargas v. Ford Motor Company*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **DENYING** PLAINTIFFS' MOTION FOR APPELLATE BOND

Before the Court is Plaintiffs' Motion for Appellate Bond. ("Motion," Dkt. No. 253.) The Lott Objectors[1] filed an opposition and Plaintiffs filed a reply. The Court will resolve the Motion without argument and therefore **VACATES** the May 4, 2018 hearing. *See* Fed. R. Civ. P. 78, Local Rule 7-15. The Motion is **DENIED**.

## DISCUSSION

This order assumes familiarity this the history of this case. In brief summary, the Lott Objectors are appealing this Court's order approving the class action settlement in this case. Plaintiffs move the Court to order the Lott Objectors to post an appellate bond of $474,574.40 to cover Plaintiffs' costs on appeal, which they argue might not be recoverable because the Lott Objectors reside out of circuit. *See* Mot. 2:1-4. This amount

---

[1] The Lott Objectors are Brenda Lott, Suzanne Lutz, Carlie Olivant, Gail Slomine, and Philip Woloszyn.

consists of $300 for ordinary costs of appeal under Fed. R. App. P. 39(c) and (e); $14,000 for the additional costs for settlement administration caused by delay; and $460,274.40 for "interest on the delay in disbursing the settlement fund." *See* Mot. 6:23-27.

Under Fed. R. App. P. 7, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 954 (9th Cir. 2007). A court evaluating the requested appellate bond must consider "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee if he loses; and (3) the merits of the appeal." *Embry v. ACER Am. Corp.*, 09-01808-JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012).

Here, the Court declines to order the Objectors to post an appeal bond. The first two factors—appellant's ability to post a bond and the risk that the appellant would not pay the costs if they lose—favor ordering a bond: Objectors present no evidence they could not pay a bond[2], and since the appellants live out of this Court's jurisdiction, there is a risk they wouldn't pay Plaintiffs' costs if they lose. But the third factor weighs against ordering the bond. Although the Court overruled the Objectors' objections and approved the settlement, and although the standard of review on appeal is not favorable to the Objectors, at this stage, the Court rejects Plaintiffs' suggestion that the objections were frivolous and that the Objectors are acting in bad faith in pursuing the appeal. While the Objectors face an uphill battle on appeal, the issues they raise are worthy of appellate review.

Even if the above three factors favored imposing a bond, the lion's share of the bond Plaintiffs seek is not available. It is well-established in the Ninth Circuit that Rule 7 permits only recoverable costs to be included in an appellate bond. This includes the costs of appeal specified in Rule 39, unless a rule or statute, such as an attorneys' fees shifting statute, explicitly provides for the recovery of additional expenses. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 959-960 (9th Cir. 2007).

Here, of the $474,574.40 that Plaintiffs' seek, only $300 consists of ordinary costs of appeal recoverable under Rule 39, while $14,000 covers the estimated additional costs for settlement administration caused by delay and $460,274.40 covers estimated interest accruing during the pendency of the appeal on anticipated cash benefits to Class Members. Plaintiffs point to two Ninth Circuit district court cases in which an appeal bond included additional administrative costs incurred because of the appeal, but neither case persuasively explains why such costs are available under Rule 7 or Rule 39. *See In re*

---

[2] The Court finds that this factor favors Plaintiffs only because Objectors failed to address it. In reality, the Court is extremely skeptical that the Objectors, either jointly or severally, could in fact afford to post the substantial bond Plaintiffs seek.

*Netflix Privacy Litig.*, 2013 WL 6173772, at *4 (N.D. Cal. Nov. 25, 2013) and *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013) (including additional administrative costs in appellate bond without tying such costs to Rule 7 or Rule 39). This Court finds no authorization for such costs and therefore holds that they may not be included in an appellate bond.

The interest portion of the bond Plaintiffs seek is similarly unsupported by any rule. Plaintiffs rely on an unpublished order from *Batista v. Nissan N.A.*, No. 14-cv-24728-RSN (S.D. Fla. Oct. 23, 2017) where the court imposed an appellate bond that included nearly half a million dollars in interest. *See* Dkt. No. 254, Ex. A. But again, that order does not explain how any rule authorizes a bond for interest.

In summary, at least in the Ninth Circuit, an appellate bond may only include costs of appeal specified in Rule 39, unless a rule or statute provides for the recovery of additional expenses on appeal. *See Azizian*, 499 F.3d at 959-960. Because neither the administrative costs resulting from the delay nor interest accruing during the appeal are recoverable under Rule 39, and because Plaintiffs point to no statute making them recoverable, they cannot be included in any appeal bond.[3] And, the Court simply declines to order a bond for the remaining $300 in regular costs on appeal.

Finally, Plaintiffs' motive for seeking this bond is transparent: they impugn the Objectors' motives and want to discourage them from maintaining their appeal. *See* Reply (Dkt. No. 259) 7:6-8 ("The Policy Discouraging Bad Faith Objectors Support the Imposition of a Reasonable Amount for the Appeal Bond"). That may be an appropriate consideration in some cases: in *Netflix*, supra, there were bona fide concerns about the objectors' standing and motives such that the court authorized discovery on them, and in *Denmings*, supra, the objectors were characterized as professional objectors. But here, Plaintiffs present not a shred of evidence that the Objectors are similarly suspect. The Court rejects what appears to be a financial pressure tactic to force the Objectors to abandon their appeal.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.
**IT IS SO ORDERED.**

---

[3] There are other issues with these amounts. Ford, not Plaintiffs, will fund administration of the settlement so it is not clear that Plaintiffs may properly seek a bond for increased administrative expenses. And, the interest Plaintiffs seek is excessive: this is a claims-made settlement wherein the actual amount paid out cannot be established, but Plaintiffs calculate the interest based on the maximum settlement valuation—an amount that is unlikely to be paid.