Ryan H. Wu (SBN 222323)
Ryan.Wu@capstonelawyers.com
Steven R. Weinmann (SBN 190956)
Steven.Weinmann@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:  (310) 943-0396

Attorneys for Plaintiffs

John M. Thomas (SBN 266842)
jthomas@dykema.com
Tamara A. Bush (SBN 197153)
tbush@dykema.com
Krista L. Lenart (admitted *pro hac vice*)
klenart@dykema.com
Dykema Gossett PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, California  90071
Telephone:  (213) 457-1800
Facsimile:  (213) 457-1850

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| OMAR VARGAS, ROBERT BERTONE, MICHELLE HARRIS, and SHARON HEBERLING individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant | Case No. CV12-08388 AB (FFMx)<br>Hon. Judge André Birotte Jr.<br>Crt Rm No. 790<br><br>**CLASS ACTION**<br><br>**PARTIES' JOINT POST-MEDIATION REPORT** |

On December 9, 2019, Class Counsel, counsel for Defendant Ford Motor Company ("Ford") (together the "Settling Parties"), and counsel for Objectors Brenda Lott, Suzanne Lutz, Carlie Olivant, Gail Slomine, and Philip Woloszyn (the "Lott Objectors") participated at an in-person mediation conducted by Professor Eric D. Green of Resolution, LLC in Boston, Massachusetts. Counsel for Objector James DeBolt participated by telephone.

The parties are pleased to inform the Court that, as a result of this arms'-length mediation presided by a highly reputable mediator, the attorneys for Settling Parties and the Objectors have reached a tentative agreement on additional benefits to be provided to the class, subject to client approval, agreement on specific contractual language, and resolution of a few remaining issues, including the form of notice to the class regarding the significant improvements to the settlement. The additional class benefits will be incorporated into an Amendment to the settlement signed by all parties and all objectors. The additional benefits will include the following:

- **Guaranteed minimum payout**. Ford agrees to a guaranteed minimum payout of $30 million to Class Members for the cash payment component of the Settlement, which is composed of the cash payments for (1) three or more Service Visits for Transmission Hardware Replacements (Settlement Agreement ¶ II.C); (2) three or more Software Flashes (Settlement Agreement ¶II.B); and (3) payments for any Class Member who did not have documented Service Visits, but who swears under oath that he or she was turned away by a Ford dealer after complaining about a Transmission problem (see below).

- **Residual payments**. Ford agrees that any residue from the $30 million minimum payout will be distributed pro-rata to all Class Members who have filed valid claims.

- **Improvements to the Arbitration Program**. The parties agree that the Settlement Agreement will be amended to:

(1) eliminate the prerequisite that Ford be given a final opportunity to repair the vehicle if the Class Member has had no more than three (3) transmission repair attempts before arbitration can commence (Settlement Agreement ¶II.N.1.b.);

(2) extend the statute of limitations for arbitration for former owners or lessees to the same limitations period extended for current owners under the Settlement, which is six (6) years after delivery of the Class Vehicle to the first retail purchaser or 180 days after the Approval Date, whichever is later (Settlement Agreement ¶ II.N.1.c & ¶ II.N.1.d);

(3) permit former owner and lessees to obtain a repurchase award in arbitration if he or she satisfies the Settlement-provided requirement of four Service Visits (each of which resulted in a Transmission Hardware Replacement) within 5 years/60,000 miles of the delivery of the Class Vehicle to the first retail customer and the transmission continues to malfunction (Settlement Agreement ¶ II.N.1.e), even if the claimant's state law does not authorize former owners or lessees to obtain a repurchase; and

(4) authorize the arbitrator to award civil penalties if applicable state law permits a recovery of civil penalties, but only if the Claimant establishes that Ford knew of its obligation under state law or the Settlement Agreement to repurchase the Claimant's vehicle and, prior to the arbitrator's award, declined to do so after being provided with the Claimant's notice of intent to proceed to arbitration under Settlement Agreement ¶ II.N.h.4. Civil penalties cannot be awarded if Ford reasonably and in good faith believed that the facts did not require an offer to replace the vehicle or refund the lease payments. The award for civil penalties may not exceed the repurchase amount awarded by the arbitrator, and Ford has the right to appeal at its own expense any award

of civil penalties.

- **Submission of evidence regarding the amount Ford has paid to date to repurchase vehicles through the arbitration program.** Ford insitituted the arbitration program on a voluntary basis for individual class members who sought repurchase prior to the effective date of the settlement agreement. The experience of those individual class members is relevant to estimating the value of the arbitration program, and Ford has agreed to put evidence on the record regarding the amount Ford has paid to date to repurchase vehicles through the arbitration program.

- **Payments for Class Members who attest to having been turned away by a dealer for a Transmission problem**. The parties have agreed to provide a cash payment of $20 to each Class Member who has not received any other cash payment under the agreement and who submits a claim form attesting under penalty of perjury that he or she has experienced Transmission problems and sought relief, but was turned away by a Ford dealer. The Class Member must identify the Ford dealer and the date on which he or she was turned away to receive payment.

- **Service Awards and Attorneys' Fees to Objectors**. Ford agrees to pay $5000 to each of the Lott Objectors and DeBolt in consideration of their contributions to this Settlement. The Settling Parties agree to not oppose any fee application filed by Objectors' counsel for attorneys' fees up to their reasonable, verified lodestar enhanced by a 1.2 multiplier for their work in this matter.

Currently, Ford and Plaintiffs anticipate that the few remaining issues will be resolved and that Plaintiffs' renewed motion for final approval of the amended class action settlement, and Plaintiffs' renewed motion for attorneys' fees, costs and service awards, will be filed on January 24, 2020, the date set forth in the Order Setting Date For Final Fairness Hearing (Dkt. No. 276). The Lott Objectors and DeBolt each anticipate filing a motion seeking, among other things, court

approval of payment of their attorneys fees and service awards on January 31, 2020 (originally the proposed date for the objectors' opposition to the motion for final approval).

Dated: January 15, 2020

Respectfully submitted,

Capstone Law APC

By: /s/ Ryan H. Wu
Ryan H. Wu
Steven Weinmann
Tarek H. Zohdy
Cody R. Padgett
Trisha Monesi

Attorneys for Plaintiffs and the Class

Dated: January 15, 2020

Respectfully submitted,

Dykema Gossett PLLC

By: /s/ John M. Thomas
John M. Thomas
Krista L. Lenart

Attorneys for Defendant Ford Motor Company

**Certification of Compliance with C.D. Cal. L.R. 5-4.3.4(a)(2)(i)**

I hereby certify that pursuant to C.D. Cal. L.R. 5-4.3.4(a)(2)(i), I have obtained the authorization from the above signatories to file the above-referenced document, and that the above signatories concur in the filing's content.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on January 15, 2020.

By: /s/ Ryan H. Wu
Ryan H. Wu